# Bogan *v.* The State.

*Indictment for Selling Liquor without License.*

1. *Form of indictment and proof.*—An indictment which charges that the defendant "sold vinous or spirituous liquors without a license, and contrary to law," being in the form prescribed in the statute (Code of 1886, § 4037), is sufficient, and under it any violation of a special or local prohibition law may be proved.

2. *Same; exception in favor of physicians and druggists*—If the defendant was a physician or druggist, and lawfully disposed of liquor under the restrictions allowed by the local law, this was matter of defense, and it was not necessary that the indictment should negative it.

3. *Unconstitutional proviso in valid law.*—A proviso in a local prohibitory law, making an unconstitutional discrimination in favor of wines manufactured in the State, may be declared void by the courts, while giving full force and effect to the other parts of the law.

APPEAL from Cherokee Circuit Court

Tried before Hon. JAMES AIKEN.

The judgment entry of the lower court in this case recites that the indictment against defendant having been read to him, he demurred thereto upon the grounds specifically set

29

[Bogan v. The State.]

forth in said demurrer; and that the demurrer was over-ruled; that on trial being had on his plea of "not guilty," defendant was convicted and fined in the sum of two hundred dollars. The demurrer, referred to in the judgment entry, nowhere appears in the record filed in this cause. The indictment charged, "that . . . Zach Bogan sold vinous or spirituous liquors without a license and contrary to law," &c.

THOS. N. McCLELLAN, Attorney-General, for the State.

SOMERVILLE. J.—1. The indictment was in the form prescribed by section 4037 of the Code (1886), which constituted section 4806 of the Code of 1876, and by the express terms of the statute itself is made sufficient to cover "all violations of special and local laws, regulating the sale of spirituous liquors within the place specified."—*Powell v. State,* 69 Ala. 10; *Boon v. State, Ib.* 226.

2. If the defendant was a druggist, or physician, and lawfully disposed of wine or liquors under the restrictions allowed in sections 2 and 3 of the act approved February 28, 1881 (Acts 1880–81, p. 167–168), he should have set this fact up as a matter of defense. These particular cases were in the nature of provisos, rather than of exceptions incorporated in the enacting clause, and it, therefore, was unnecessary for the indictment to negative them by averring, in advance, that the defendant did not come within the operation of these excepted cases.—*Carson v. State,* 69 Ala. 235; *Britton v. State,* 77 Ala. 202.

3. If the last proviso of the act, contained in section 4, which permitted any citizen of Alabama to sell domestic wine, was void as an unconstitutional discrimination against the citizens of other States, under the authority of *McCreary v. State,* 73 Ala. 480, we should hold the remainder of the act to continue in full force and effect.—See, also, *Powell v. State,* 69 Ala. 10; and *Tiernan v. Rinker,* 102 U. S. 123.

We discover no error in the record, and the judgment must be affirmed.