# Sims *v.* The State.

*Indictment for Selling Spirituous Liquors contrary to Law.*

1. *Selling spirituous liquors contrary to law; sufficiency of indictment.*—Under the statute making it unlawful to "sell, give away or otherwise dispose of any vinous, spirituous, malt or other intoxicating" liquors, etc., in a certain county, an in-

[Sims v. The State.]

dictment which charges that the defendant "did unlawfully sell, give away, or otherwise dispose of spirituous, vinous, malt or other intoxicating liquors within the limits of said county, is sufficient, and is not subject to demurrer upon the grounds that it is not averred that each of the acts charged was unlawfully done, and that the indictment charges the commission of the offense in the alternative.

2. *Indictment; exception created by proviso to an act need not be negatived.*—Where a proviso or exception is embodied in a separate clause of a penal statute, and is not in the clause creating the offense, it is not necessary that an indictment founded on said statute should negative the proviso or exception.

APPEAL from the Circuit Court of Clarke.

Tried before the Hon. JOHN C. ANDERSON.

The indictment under which the appellant in this case was tried and convicted is copied in the opinion. To this indictment the defendant demurred upon the following grounds: "1. He is charged in said indictment, in the disjunctive, with giving away spirituous, vinous, malt or other intoxicating liquors in Clarke county, and he avers that the local prohibition act under which he is indicted does not prohibit the giving away of such liquors. 2. The indictment charges disjunctively the sale, giving away, or other disposition of the liquors mentioned in the indictment, but fails to allage that the giving away or otherwise disposing of the liquors was contrary to law. 3. The indictment charges the defendant with giving away the liquors mentioned in the indictment, but does not allege that such giving away was contrary to law. 4. The indictment charges the disposition, other than by sale or gift, of the liquors mentioned in the indictment, to-wit, spirituous, vinous, malt or other intoxicating liquors, but fails to aver that such disposition was contrary to law. 5. Because said indictment charges no offense. 6. Because said indictment is not the Code form and does not state in plain language the offense with which the defendant is charged. 7. Because said indictment does not state the name of the person or persons to whom the intoxicating liquors were sold, given or disposed of. 8. Be-

cause said indictment does not aver the facts to show what disposition was made of said liquors so far as relates to the disjunctive count charging defendant with 'otherwise disposing' of said liquors."

The overruling of this demurrer to the indictment constitutes the only ruling of the trial court presented for review on the present appeal.

LACKLAND & WILSON, for appellant, cited *Pickett v. State*, 60 Ala. 77; *Carson v. State*, 108 Ala. 35; *Gratton v. State*, 71 Ala. 344; *Dorman v. State*, 34 Ala. 216; *Williams v. State*, 91 Ala. 14; *Daniel v. State*, 61 Ala. 4; *Johnston v. State*, 32 Ala. 538; *Cochran v. State*, 30 Ala. 542; *McClellan v. State*, 118 Ala. 122.

CHAS. G. BROWN, Attorney-General, for the State.

SHARPE, J.—By an act approved February 24, 1881, it is made a misdemeanor "for any person to distill, brew, or manufacture, or sell, give away, or otherwise dispose of, any vinous, spirituous, malt or other intoxicating decoction," etc., within the limits of Clarke county. Under provisos in the act exceptions from the prohibition are made in favor of the use of wine for sacramental, social and domestic purposes and the use of liquors under certain conditions by physicians. This indictment charges that the defendant "did unlawfully sell, give away, or otherwise dispose of spirituous, vinous, malt or other intoxicating liquors within the limits of Clarke county, against the peace and dignity of the State of Alabama." In the absence of any conjunctive word between the verbs "sell" and "give away" the natural construction of this sentence makes the word "unlawfully" apply to every act imputed to the defendant and repels the construction contended for in appellant's brief where it is urged that the disposition of liquors charged alternately, is not shown by the indictment to have been unlawful. The permitted uses of liquors being enumerated in provisos and not in the prohibitory clause, are made to appear as exceptional uses, and the rule governing in such case exempts the prosecution from the necessity of averring in the indictment that

the act charged .was not within the exception.—*Grattan
v. State*, 71 Ala. 344; *Clark v. State*, 19 Ala. 552.

Offenses under the act are of equal degree and are
subject to the same punishment, hence under our statute
it was permissible to charge either of the prohibited.acts
in the same count of the indictment and in the alter-
native.—Code, § 4913. In form the indictment is not
essentially different from that which was before this
court in *McClellan v. State*, 118 Ala. 122, and which
was held to be in compliance with the requirement of
the statutes as indicated by Code form No. 79, and sec-
tion 4913 of the Code. The demurrer to the indictment
was properly overruled. No error is found in the rec-
ord.

Affirmed.