# Guarreno *v.* The State.

*Selling Liquor Without License.*

(Decided Dec. 20, 1906. 42 So. Rep. 833.)

1. *Intoxicating Liquors; Offenses; Indictment; Sufficiency.*—Section 5077, Code 1896, does not require that the place shall be specified and an indictment which charges that defendant sold spirituous, etc. liquors without a license and contrary to law, is good, whether the offense charged be a violation of the general revenue law, or the violation of a local prohibition law.

2. *Same; Evidence; Proof of Sale; Necessity.*—Proof that accused sold intoxicating liquors without license and contrary to law, must be confined to a sale of such liquors, under an indictment in code form.

3. *Same; Indictment; Sufficiency.*—An indictment charging that defendant did sell, give away or otherwise dispose of intoxicating liquors, etc., without license and contrary to law, is sufficieent to charge the offense denounced by the Acts 1888-9, p. 417, and sufficiently negatives the exception contained in the statute.

4. *Same; Evidence.*—Where the evidence showed that the sale of liquor was made by the wife of the defendant, it was competent to show the frequency of such sales by the wife at the store, as this afforded an inference that the defendant kept such liquor at his store, and that in making such sales, the wife acted as his agent.

5. *Criminal Law; Reception of Evidence; Election.*—Where the prosecutor testified that he purchased a bottle of liquor at defendant's store from a woman who represented herself to be the wife of the defendant, and other witnesses testified that they had bought such liquors from the defendant; Held, not

to require the State to elect as to which sale it would rely on for a conviction.

6. *Grand Jury; Misconduct of Grand Jurors.*—The fact that the bottle of beer purchased by the witness was carried by him into the grand jury room and that one of the grand jurors tasted it to determine what it was, cannot have the effect of destroying the validity of the indictment.

APPEAL from Bessemer City Court.

Heard before Hon. WILLIAM JACKSON.

Jasper Guarreno was convicted of selling intoxicating liquors, and he appeals.

The defendant was tried upon the following indictment: "The grand jury of said county charge that, before the finding of this indictment, Jasper Guarreno, sold spirituous, vinous, or malt liquors without license and contrary to law; that Jasper Guarreno did sell, give away, or otherwise dispose of spirituous or malt liquors without a license, and contrary to law; that Jasper Guarreno did unlawfully sell, give away, or otherwise dispose of spirituous, vinous, or malt liquors, or other intoxicating beverages, not in an incorporated city or town having a police jurisdiction both day and night, against the peace and dignity of the state of Alabama."

Defendant demurred to the first count: "(1) Because it does not specify the place where such alleged violation of the prohibition law was committed, as is required by section 5077 of the Code of 1896, when charging a violation of a local prohibition law. (2) Because it does not allege that said offense was committed outside of an incorporated town or city having police regulation both of day and night, and not in a place otherwise especially exempted by law. (3) Because it does not allege a violation of any prohibition statute, by alleging the name of the place or locality. (4) Because it does not allege that the location where the sale took place was in a place not incorporated and not having police regulation both day and night. (5) It charges a violation of the revenue law, and not of the prohibitory law within a prohibited territory, and the geenral law under which said indictment was drawn has been repealed by the local statute. (6) Because of the act of the Legislature

establishing a prohibition district in Jefferson county, with the exception of incorporated towns and cities having police regulation, and the count in the indictment does not allege that the sale did not take place outside the exception. (7) Same as the sixth. (8) From said count it does not appear whether defendant is charged with a violation of the general state law or special prohibition law." The following grounds were assigned to the second count: "(1) That it contains three alternative or disjunctive averments, and two of said averments—that is, 'give away' and 'otherwise dispose of' spirituous, vinous, or malt liquors—does not charge any criminal offense known to the law or in violation of the special statute of Jefferson county. (2) The indictment charges that the defendant did give away or otherwise dispose of spirituous, vinous, and malt liquors, and this is not unlawful, unless it is charged to have been done in violation of some local law prohibiting the same, and the indictment does not allege in what prohibited locality the same was done. (3) All the demurrers assigned to count 1." To count 3 were assigned the following demurrers: "(1) Because it is not charged that the sale was not in a town or city having police regulation both by day and night, but uses the words 'police jurisdiction,' instead of 'regulation.'" These demurrers were overruled.

The evidence tended to show that Roberts purchased a bottle of something from a woman at Guarreno's store who was represented to him to be the wife of Guarreno, that it tasted like beer, and that he carried the bottle into the grand jury room, and before the grand jury sitting for the city court of Bessemer. Motion was made to exclude all this evidence, because immaterial, irrelevant, and illegal. The motion was overruled. This witness also testified to other sales by the same person. Motion was made to exclude this evidence, because illegal and irrelevant, and because the state had elected to prosecute for another sale. A. C. Mitchell and H. W. Sweet were introduced by the state and shown to be members of the grand jury that preferred this indictment, and each testified that he knew the witness Roberts and knew the defendant; that the witness Roberts

brought a bottle of liquid into the grand jury room which he swore he had bought from the defendant; that said bottle was opened in the presence of the grand jury, and that the witness tasted the liquid, the contents of the bottle, and that it was beer. Objection was interposed to each part of this testimony, and was overruled. Witness further testified that the liquir had no intoxicating effect upon them, but that they knew it was beer from its taste and appearance; that they were not experts on beer, but they were pretty good judges of it. Dennis and Hunnicut were introduced as witnesses by the state, and were asked by the solicitor: "Did you ever buy any beer or liquor from the defendant?" Objection was interposed to this question on the ground that it was irrelevant, illegal, and that the state had elected to prosecute for the sale to the witness Roberts. This objection being overruled, the witnesses answered that they had bought several bottles from the defendant which looked and tasted like beer. Motion was made to exclude this testimony on the grounds stated above.

The court, without a jury, found the defendant guilty as charged and assessed a fine of $50. Prior to the rendition of the judgment, the defendant interposed a motion for his discharge on the ground that the evidence showed that intoxicating liquors had been introduced into the grand jury room and drunk by its members while considering the returning of the indictment against the defendant for which he is now on trial. This motion was likewise overruled.

THOMAS T. HUEY, for appellant.—The demurrers to the indictment should have been sustained.—§ 5077, Code 1896; *Boone v. The State,* 69 Ala. 226; *Costs v. The State,* 96 Ala. 60; *Compton v. The State,* 95 Ala. 25; *Powell v. The State,* 69 Ala. 10; *Winters v. The State,* 132 Ala. 32; *Robinson v. The State,* 100 Ala. 123. The demurrer should have been sustained to the second count.—*Robinson v. The State, supra.* The state should have been confined to its first election in this case.—26 Ala. 48; 54 Ala. 221; 30 Ala. 33; 55 Ala. 371; 54 Ala. 221.

[Guarreno v. The State.]

MASSEY WILSON, Attorney General, for State.—No brief came to the reporter.

DENSON, J.—Whether the state relied for conviction on proof of a sale in violation of the general law (section 5076 of the Code of 1896), or proof of a sale in violation of a special or local prohibition law, there can be no doubt of the sufficiency of the first count in the indictment. Evidence to support a conviction, however, under this count should be confined to a sale.—*Powel's Case,* 69 Ala. 10; *Boon's Case,* Id. 226; *Olmstead's Case,* 89 Ala. 16, 7 South. 775; *Williams' Case,* 91 Ala. 14, 8 South. 668; *Compton's Case,* 95 Ala. 25, 11 South. 69; Code 1896, § 5077.

The words, "within the place specified," found in the latter part of section 5077, do not mean that the place shall be specified in the indictment, but they refer to the place specified in the special or local law. The demurrer to the first count was properly overruled.

Manifestly, the second count of the indictment was framed with respect to the local prohibition law applicable to Jefferson county, approved on the 16th day of February, 1889, and which penalizes the sale, giving away, or otherwise disposing of spirituous, vinous, or malt liquors, intoxicating bitters, or cordials, or fruits preserved in alcoholic liquors, in Jefferson county, except in towns or cities having police regulations both day and night.—Acts 1888-89, p. 417. The count follows the words of the statute, except that it does not in so many words negative the fact that the violations alleged were not in a town or city having police regulations both day and night; and on this account a demurrer was filed to the count. We are aware of the rule that, if there be an exception contained in the same clause of the act which creates the offense, the indictment must show negatively that the defendant does not come within the exception.—*Clark's Case,* 19 Ala. 552. But the averment in the count to the effect that the sale, giving away, or otherwise disposing of the liquors named in the indictment was without a license and contrary to law is the equivalent of the negative averment referred to.—*Tarkin's Case,* 108 Ala. 17, 19 South. 24.

Furthermore, this identical form has been approved by this court, and held good as a count for the violation of a local prohibition law, similar, if not identical, in construction to the one involved here.—*McClellan's Case,* 118 Ala. 122, 23 South. 732; *Sims' Case,* 135 Ala. 61, 33 South. 162. Our conclusion is that the demurrer to the second count was properly overruled.

The sale of the liquor was made by the wife of the defendant at the store of the defendant. It was necessary to connect the defendant with the sale. Frequency of such sales by the wife at the store might authorize the inference that the liquor was kept by the defendant and that in making the sales the wife was acting as his agent. We do not think a case was presented on the evidence for an election by the state.—*McIntosh's Case,* 140 Ala. 137, 37 South. 223; *Untreiner's Case,* 146 Ala. 133, 41 South. 170. The court committed no error in its rulings on the admissibility of evidence.

The fact that a bottle of beer purchased by the state's witness was carried by him into the grand jury room, and that one of the grand jurors tasted it to determine whether or not it was lager beer, cannot have the effect of destroying the validity of the indictment.

We cannot say that the evidence does not warrant the conclusion of guilt on the part of the defendant beyond a reasonable doubt, and, therefore, disturb the finding of the court.

There is no error in the record, and the judgment of conviction is affirmed.

Affirmed.

TYSON, C. J., and HARALSON and SIMPSON, JJ., concur.