# Allison v. The State.

*Violating Prohibition Law.*

(Decided May 9, 1911. Rehearing denied May 29, 1911. 55 South. 453.)

1. *Evidence; Res Gestae; Several Crimes.*—Evidence of all crimes may be given as part of the res gestae of the offense charged where the several crimes constitute in fact one criminal transaction.

2. *Intoxicating Liquors; Wrongful Sale; Evidence.*—Where the affidavit charged the defendant with several crimes of the same general character all of the evidence objected to in this case was relevant as tending to show that the defendant was in fact keeping prohibited liquors for sale in the hotel and that he was operating a blind tiger.

[Allison v. The State.]

3. *Same.*—Where the prosecution was for wrongfully selling intoxicating liquors, it was competent to ask a witness whether or not he had bought whiskey or beer from the defendant, or from anybody else in the hotel operated by the defendant within the last few weeks.

4. *Same; Blind Tiger.*—A blind tiger is a place where intoxicating liquors are kept for sale in defiance of law.

5. *Indictment and Information; In Alternative; Election.*—Where the prosecution is for keeping and selling intoxicating liquors, the indictment may charge the defendant with the commission of more than one offense in the alternative, leaving it for the jury to determine under all the evidence which specific offense charged, if any, the defendant is guilty of; hence, where a defendant is charged with selling, offering for sale, keeping for sale, or otherwise disposing of. prohibited liquor contrary to law, the state was not bound to elect on which charge it would rely for a conviction.

6. *Appeal and Error; Review; Necessity of Objection.*—Where no objection is taken to the question when it was asked, the court cannot review the objections to the admissions of the evidence.

7. *Charge of Court; Singling Out.*—The court is not required to give a charge which singles out a part of the evidence and charges the effect to be given it.

APPEAL from Jefferson Criminal Court.

Heard before Hon. S. L. WEAVER.

R. H. Allison was convicted of having sold, offered for sale, kept for sale, or otherwise disposed of, intoxicating liquors contrary to law, and he appeals. Affirmed.

VASSAR L. ALLEN, and JOHN McQUEEN, for appellant. Evidence of a distinct substantive offense is not to be received in support of another offense, although similar, nor can evidence of offenses subsequent to the time of the offense charged or the issuance of the indictment be given.—*Gassenheimer v. The State,* 52 Ala. 313. The court erred in permitting it to be shown that the witness bought prohibited liquors from anyone else at the Allison Hotel. The question should have been limited to some agent or servant of the defendant.—*Guarreno v. The State,* 148 Ala. 637; *Perkins v. The State,* 92 Ala. 66. Counsel discuss other assignments of error, but without further citation of authority.

[Allison v. The State.]

ROBERT C. BRICKELL, Attorney General, for the State.

DE GRAFFENRIED, J.—"A collateral crime may be evidence against the defendant if it is connected with the crime under investigation and forms a part of a general and composite transaction. Where two or more crimes constitute parts of one transaction, so that to prove either necessitates proof of the other, or when the intent is to be proved from circumstances, or where the identity of the accused is in issue, or where several crimes are intermixed or blended with one another or connected so that they form an indivisible criminal transaction, and full proof by testimony, whether direct or circumstantial, of any one of them cannot be given without showing others, evidence of any or all of them is admissible against a defendant on trial for any offense which is itself a detail of the whole criminal scheme."—Underhill on Criminal Evidence (2d Ed.) §§ 87, 88, 321.

Where several crimes constitute, in fact one criminal transaction, evidence of all of such crimes may be given as part of the res gestae of the offense with which the defendant is charged in the indictment.

In the present case, the defendant was tried upon an affidavit, to which he pleaded not guilty, charging that the defendant "sold, offered for sale, kept for sale, or otherwise disposed of, spirituous, vinous, or malt liquors contrary to law; or sold, offered for sale, kept for sale, or otherwise disposed of, prohibited liquors and beverages contrary to law." In the affidavit he was charged, not with a single offense, but with many offenses of the same general character.

The evidence for the state tended to show that the defendant was the proprietor or one of the proprietors of a hotel in Birmingham, Ala., known as the Allison

[Allison v. The State.]

Hotel; that several raids were made upon the place under the orders of the sheriff, and on several occasions whisky and beer were found there; that on one of the raids several dozen bottles of beer were found in one of the rooms stored in an ice box, one full cask of beer and a partly filled cask of beer; that on the same occasion some whisky was taken from the building; that on one occasion the officers seized two trunks in the defendant's bedroom, which defendant admitted were filled with whisky, but whether this was on a separate raid or one of the raids above referred to is not clear. The evidence further tended to show that on one occasion a deputy, acting under the orders of the sheriff, had bought a bottle of beer from a negro in said hotel, and that, on another occasion, a deputy in charge of a searching party went into said hotel, and on the second floor of the hotel, in a room used as a dining room, saw a negro waiting upon the diners, and heard one of the diners say to the negro, "Why in the —— don't you bring those drinks?" that on the occasion of one of the raids made on said hotel a deputy sheriff, after whisky and beer had been seized and taken from the building, heard the defendant say to one of the deputies "that he had just as well close up, that we had put him out of business."

Having shown that Allison was a proprietor of the hotel, all of the above evidence was relative as tending to show that the defendant was in fact keeping for sale in such hotel prohibited liquors. In other words, the state's evidence, if believed, tended to show that the Hotel Allison was, in common parlance, "a blind tiger," a place where, in defiance of law, intoxicating liquors were kept for illegal sale, and all of the above evidence was admissible for the purpose of aiding the jury in determining whether the defendant, the proprietor or

one of the proprietors of the place, was criminally connected therewith.

The court committed no error in refusing to require the state to elect as to whether it would claim under the evidence in the case a conviction for an illegal sale of liquor or a conviction for illegally storing liquors for sale. The state is permitted to charge, in an affidavit of this character, the defendant with the commission of more than one offense in the alternative, for the purpose of meeting the various phases of the testimony; and, while it can claim a conviction of only one specific offense, the law in cases like the present leaves it to the jury to determine, under all the evidence, of which specific offense charged in such affidavit, if any, the defendant is guilty. Where more than one crime may be the result of one act, or where there are a series of acts so intimately connected as to in fact form one continuous transaction, then, when the affidavit charges more than one offense in the alternative, the state cannot be put to an election as to which crime it will ask for a conviction, but the law leaves it to the jury to determine, under all the evidence, of which specific offense, if any, the defendant is guilty.

The objection of the defendant to the following question of the solicitor: "State whether or not you have bought whisky or beer from Mr. Allison or from anybody else at the Hotel Allison within the last few weeks"—was, for the above reasons, not well taken.— *Guarreno v. State,* 148 Ala. 637, 42 South. 823.

The other objections taken by the defendant to the testimony were all without merit. The bill of exceptions fails to show that he objected to any of the questions eliciting the testimony to which such objections were taken. "A party cannot speculate on the answer of a witness, responsive to a question, and then claim the

[Grace v. The State.]

benefit of it if favorable and discard it if unfavorable." *Downey v. State,* 115 Ala. 108, 22 South. 479.

The court refused one of the charges which the defendant asked the court in writing to give the jury. In this the court committed no error. "The court is not required to give a charge which singles out a part of the evidence, and, for refusing so to do, it will not be put in error.—*King v. State,* 120 Ala. 329, 25 South. 178.

There is no error in the record. The judgment of the court below is affirmed.

Affirmed.