# Smith v. The State.

*Violating Prohibition Law.*

(Decided June 15, 1911.  56 South. 39.)

1. *Appeal and Error; Review; Questions Presented; Record.*— Where the pleadings are not shown either in the record proper or the bill of exceptions, this court will not, on appeal, review the rulings of the trial court on motions to strike the warrant or to quash warrant and affidavit, or to strike the plea in abatement.

2. *Intoxicating Liquors; Evidence; Admissibility.*—Proof of the defendant's possession of the prohibited liquor, his purchase of the same and payment therefor by express money order is admissible in a prosecution for selling prohibited liquors without a license.

APPEAL from Shelby County Court.

Heard before Hon. E. S. LYMAN.

From a conviction for violating the prohibition law James Smith appeals. Affirmed.

No counsel marked for appellant.

ROBERT C. BRICKELL, Attorney General, and T. H. SEAY, Assistant Attorney General, for the State. The pleadings do not appear in the record and the action of the lower court cannot be reviewed. *Ala. C. Co. v. Niles,* 156 Ala. 298; *C. of Ga. v. Ashley,* 160 Ala. 580. Counsel discuss objections to evidence, and insist that under the Fuller bill, Acts 1909, p. 91, the evidence admitted was competent.

[Smith v. The State.]

PELHAM, J.—The ruling of the trial court on the motions to strike the warrant, quash the affidavit and warrant, and to strike the plea in abatement cannot be considered here, as the pleadings referred to in the re-citals of the judgment entry are not shown or set out in the record proper or the bill of exceptions. This court is not informed as to what these pleadings were, except as shown by the judgment entry of the court's ruling, and the court below cannot be put in error on the mere recitals alone of the court's ruling, contained in the judgment entry. *Ala. Chem. Co. v. Niles,* 156 Ala. 298, 47 South. 239; *C. of Ga. Ry. Co. v. Ashley,* 160 Ala. 580, 49 South. 388.

The defendant was tried before the court without a jury for a violation of the prohibition laws under an affiidavit and warrant issued by a justice of the peace.

On the trial the defendant entered several objections. to the testimony of the state's witnesses relating to de-fendant's having whisky and different facts as to de-fendant's ordering whisky at or about the time of the transaction for which he was being prosecuted. The proof of a direct sale was not shown by the evidence or relied upon for a conviction by the state; but the state relied upon proof of circumstances connecting the de-fendant with an unlawful disposition of prohibited liquors. In cases of this character proof of the defend-ant's having prohibited liquor, ordering it, and all simi-lar facts and acts at or about the time of the transaction in question, are admissible in evidence for the purpose of throwing light on the transaction to show the iden-tity of defendant as the guilty party, and to connect him with the commission of the offense. *McIntosh v. State,* 140 Ala. 137, 37 South. 223; *Untreinor v. State,* 146 Ala. 133, 41 South. 170; *Guarreno v. State,* 148 Ala.

637, 42 South, 833; *Scott v. State,* 150 Ala. 59, 43 South. 181; *Sadler v. State,* 165 Ala. 109, 51 South. 564.

The evidence admitted at the instance of the state, over the objection of the defendant as to the issuance of the express money order, of the whisky found at defendant's house looking like that produced, the production on the trial of some whisky, and similar facts, were all competent under the rule above stated, and each and all of them were legitimate as having a tendency to connect the defendant with the offense. They were offered as corroborative circumstances and were clearly competent as such. There was no merit in the objection as to proof of the money order being secondary evidence, and the whisky produced not being sufficiently identified. The evidence was sufficient to authorize the court to find the defendant guilty of a violation of the existing prohibition laws for which he was being prosecuted.

There is no reversible error shown in the record, and the judgment of the trial court is affirmed.

Affirmed.