# Askew v. The State.

## Violating Prohibition Law.

(Decided December 19, 1912.   60 South. 455.)

*Evidence; Other Offenses; Admissibility.*—Where the state proved one act constituting the crime charged, evidence of another act constituting another crime previously committed, and of which accused had been convicted, is not admissible as a basis for a conviction of the crime charged, or to support other evidence of guilt, the rule being that where several crimes in fact constitute but one criminal transaction, proof of the criminal transaction is admissible on the trial for one of the crimes.

APPEAL from Baldwin Circuit Court.

Heard before Hon. A. E. GAMBLE.

Clem Askew was convicted of violating the prohibition law, and he appeals. Reversed and remanded.

LESLIE HALL, for appellant. No brief reached the Reporter.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. The court was not in error in admitting evidence of other offenses.—*Moss v. The State,* 58 South. 62; *Pugh v. The State,* 58 South. 936; *Wicard v. The State,* 109 Ala. 45; *McQueen v. The State,* 108 Ala. 54; *Sellers v. The State,* 98 Ala. 72.

PELHAM, J.—The defendant was tried for a violation of the prohibition laws, and the direct evidence introduced by the state that was permitted to go to the jury consisted of the testimony of one witness, who testified to a sale of whisky made by the defendant to him. This witness admitted on cross-examination that his feeling towards the defendant was unfriendly. The de-

fendant as a witness in his own behalf positively denied
in toto the transaction testified to by the state's wit-
ness. The state thereupon, over the objection of the
defendant, introduced in evidence, in support of the
charge against the defendant for which he was on trial,
an indictment and a judgment entry of the court show-
ing a prior conviction of the defendant in the circuit
court of Baldwin county for a similar offense had at the
same term of the court.

It was not competent to introduce in evidence as a
basis for the defendant's conviction, or in support of
other evidence showing the guilt of the defendant of the
offense charged, the record evidence showing that the
defendant was guilty of having committed another and
distinct offense of the same character at a different
time. When several crimes in fact constitute but one
criminal transaction, then proof of such other crime or
crimes constituting the one criminal transaction is ad-
missible.—*Allison v. State,* 1 Ala. App. 206, 55 South.
453. And where the state relies for a conviction upon
proof by that character of evidence, showing only differ-
ent circumstances connecting the defendant with the
commsision of the offense charged, proof of facts, al-
though they involve other offenses, from which the in-
ference of crime may be deduced, as flowing from a se-
ries of connected circumstances, is relevant and compe-
tent testimony.—*Smith v. State,* 2 Ala. App. 216, 56
South. 39. But where, as in this case, the testimony
for the state shows one direct, positive act which in it-
self constitutes the crime charged, evidence showing
other different, though similar, crimes to have been pre-
viously committed by the defendant, is clearly immate-
rial to the issues in the case and prejudicial to the de-
fendant's interests.

[Couch v. The State.]

Applying the principles discussed to the facts as shown by the testimony, the case must be reversed for the error of the court in admitting the record showing a conviction of the defendant in another case.

Reversed and remanded.