# Conwill *v.* The State.

*Manslaughter.*

(Decided June 21, 1913. 62 South. 1006.)

1. *Homicide; Evidence; Identity of Accused.*—Where the homicide was committed just outside of a dance hall, and the evidence was in conflict as to whether defendant had fired the fatal shot, and it appeared that he had previously made threats against deceased and another person, the fact that immediately after the shooting defendant entered the dance hall and shot at such other person whom he had threatened, was relevant, both as a part of the same transaction, and as tending to identify the defendant as the guilty agent in the other shooting.

2. *Same; Excuse; Drunkenness.*—Voluntary drunkenness is no excuse for a homicide.

3. *Same; Degree; Absence of Malice.*—Under section 7090, one guilty of homicide may be convicted of manslaughter in the first degree, although he acts without malice.

4. *Jury; Service; Preliminary Orders.*—The return to certiorari examined and held to be a complete compliance with the statutory requirement as to the preliminary order setting a day for trial, drawing special venire, and service on defendant of such venire and indictment.

APPEAL from Bibb Circuit Court.

Heard before Hon. B. M. MILLER.

Will Conwill was convicted of manslaughter in the first degree, and he appeals. Affirmed.

The original transcript did not contain a copy of the orders made by the court relative to setting the day, summoning the venire and the order for their service upon the defendant, together with a copy of the indictment. The return of certiorari shows that the court made all the necessary and proper preliminary orders.

The following charges were refused to the defendant: (10) "I charge you that, unless you believe that defendant used malice in firing the fatal shot, you cannot convict the defendant of any greater offense than manslaughter in the second degree." (19) "If you find from the evidence that defendant fired the fatal shot, and if you further find from the circumstances of the killing or from other facts or evidence that defendant entertained no malice, then you could convict him of no higher offense than manslaughter in the second degree." (21) "If you believe from the evidence that defendant fired the fatal shot, and if from the circumstances of the killing or other facts or evidence you believe that the killing was done without malice, you should acquit defendant of murder and manslaughter in the first degree."

ELLISON & COLLIER, and R. H. WRIGHT, for appellant. No brief reached the reporter.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State.

WALKER, P. J.—In the brief filed by the counsel for the appellant the only contention made is that the record fails to show a compliance by the court with the requirements of the statute (Acts Special Session 1909,

pp. 305, 319) as to setting a day for the trial of a person indicted for a capital felony, and as to drawing a special venire of jurors and the service upon the defendant of the list of names of all the jurors summoned for the week in which the trial is set and those drawn for the trial of his case, together with a copy of the indictment. The original transcript sent up on this appeal was defective in the particulars mentioned; but this defect has been removed by the return made to a writ of certiorari. The orders of the court set out in that return constituted a complete compliance with the statutory requirements applicable in such a case.

There was evidence tending to prove that the death of the deceased was the result of one or both of two pistol shots, which were fired by some one just outside of a room in which a dance was in progress. The testimony was in conflict as to whether those shots were fired by the defendant or by another person. Over the defendant's objections witnesses were permitted to testify that immediately after those two shots were fired he walked into the room with a pistol in his hand and shot at another person. There was testimony to prove that shortly before this occurrence the defendant had made threats against the deceased and the person in the room at whom he fired. The testimony as to the defendant's firing the last-mentioned shot was admissible as being, under one aspect of the evidence in the case in reference to a single criminal transaction of which the offense charged constituted a detail, and also as having some tendency, in connection with other evidence in the case, to identify the defendant as the person who fired the shots which resulted in the death of the deceased.—*Allison v. State*, 1 Ala. App. 206, 55 South. 453; *Smith v. State*, 2 Ala. App. 216, 56 South. 39.

[Descrippo v. The State.]

There is no merit in other exceptions which were reserved to rulings of the court, made on objections to the admission of evidence. The questions so raised are not such as to justify a discussion of them.

A number of written charges which were refused to the defendant involved the untenable proposition that his voluntary drunkenness would constitute an excuse for his killing another. Such charges were properly refused.—*Laws v. State*, 144 Ala. 118, 42 South. 40.

Written charges 10, 19, and 21 were properly refused. There was evidence to support a finding that the defendant voluntarily killed the deceased. This being true, the defendant was subject to conviction of manslaughter in the first degree, though the jury found that he acted without malice.—Code, § 7090; *Mitchell v. State*, 60 Ala. 26.

No error is found in the record.

Affirmed.