(77 South. 82)

HUMPHREY v. STATE.   (8 Div. 531.)

(Court of Appeals of Alabama.   June 30, 1917.
Rehearing Denied Nov. 13, 1917.)

1. INTOXICATING LIQUORS ⬧126—SALE BY
DRUGGISTS.

Acts 1915, p. 4, § 7, permitting a registered
or licensed pharmacist to use alcohol in prescrip-
tions or other medicines, the sale of which
would not subject him to payment of the special
tax required of liquor dealers by the United
States, clearly manifests the legislative intent
not to embrace within the prohibitive terms of
the statute medicines authorized by and com-
pounded in accordance with the formulas pre-
scribed by the standard authorities, the sale of
which would not subject the seller to the pay-
ment of the special tax required of liquor deal-
ers by the United States.

2. INTOXICATING LIQUORS ⬧126 — SALE BY
DRUGGISTS.

A druggist compounding essence of Jamaica
ginger in accordance with the formula prescrib-
ed by "The Pharmacopœia" and by "The United
States Dispensatory," and selling it as a medi-
cine, held within the proviso of Acts 1915, p. 4,
§ 7, permitting a druggist to use alcohol in com-
pounding medicines, the sale of which do not
subject him to the payment of the federal liquor
tax.

3. INTOXICATING LIQUORS ⬧126—SALE BY
DRUGGISTS.

The lawful act of compounding essence of
Jamaica ginger in form which could not be used
as a beverage, and selling it in due course of
business, could not be rendered unlawful by
the conduct of a purchaser in diluting the medi-
cine and taking it in excessive quantities and
with excessive frequency whether as a medicine
or as a beverage.

Appeal from Circuit Court, Madison Coun-
ty; R. C. Brickell, Judge.

J. D. Humphrey was convicted of violating
the prohibition law, and appeals.   Reversed
and remanded.

D. A. Grayson, Taylor & Watts, and Coop-
er & Cooper, all of Huntsville, for appellant.
W. L. Martin, Atty. Gen., and P. W. Turner,
Asst. Atty. Gen., for the State.

BRICKEN, J.   The defendant was con-
victed of a violation of the prohibition law,
and appeals.   The evidence offered by the
state shows that the state's witness Harr
frequently purchased at the defendant's drug
store in Huntsville the essence of Jamaica
ginger, put up in three-ounce bottles.   On
some occasions, the medicine was sold by the
defendant, on others by his clerks; that the
witness Harr sometimes used it as a med-
icine in his family, and on occasions he dilut-
ed it with water and drank it, and on one or
more occasions the witness became intoxicat-
ed from drinking the diluted essence.

The undisputed evidence shows that the de-
fendant was a graduate in medicine, and
was a physician by profession; that he is
and has been a retail druggist and a regular-
ly licensed registered pharmacist for 30
years, and that for many years he has owned
and operated a retail drug store in Hunts-

ville, Ala.; that the essence of Jamaica gin-
ger in question was compounded by him as
such druggist, in due course of business, to be
sold as medicine in his drug store, and was
compounded in exact conformity to and in
accordance with the formula laid down in
"The Pharmacopœia" and by "The United
States Dispensatory," both of which are uni-
versally recognized as standard authority
by druggists and pharmacists.   It was fur-
ther shown that Jamaica ginger is a legiti-
mate medical compound, and is so recognized
by physicians as a family remedy, and is
sold as a medicine by druggists generally;
that the sale of the said essence of Jamaica
ginger did not subject the defendant to the
payment of the special tax required of liquor
dealers by the United States; that it could
not be used as a beverage as compounded by
the defendant; and that the defendant in the
instant case sold the Jamaica ginger to the
prosecuting witness Harr as a medicine.

[1-3] Section 7, Acts 1915, p. 4, provides:
"That any retail druggist in this state who
is himself a registered or licensed pharmacist,
* * * may sell in the manner herein set out,
pure alcohol for medicinal purposes only; grain
alcohol to chemists and bacteriologists actually
engaged in scientific work and for such purposes
only, and wine to be used for sacramental or
religious purposes only: *Provided that nothing
herein contained shall prevent such druggist
from using alcohol in the compounding of pre-
scriptions or other medicines, the sale of which
would not subject him to the payment of the
special tax required of liquor dealers by the
United States:* Provided, that regularly licens-
ed and practicing physicians may purchase
grain alcohol or pure alcohol in quantities of
not more than one gallon at one time, from
wholesale or retail druggists and may use the
same in compounding and dispensing remedies
in the practice of their profession only."

The language italicized clearly manifests
the legislative intent not to embrace within
the prohibitive terms of the statute medicines
authorized by and compounded in accordance
with the formulas prescribed by the standard
authorities, the sale of which would not sub-
ject the seller to the payment of the special
tax required of liquor dealers by the United
States.   The defendant was clearly within
the express terms of the quoted proviso, and,
being within the law in compounding the pre-
scription and selling the medicine in due
course of business, his act could not be made
unlawful by the conduct of Harr in diluting
the medicine and taking it in excessive quan-
tities and with excessive frequency, whether
he used it as a medicine or as a beverage.
Carl v. State, 87 Ala. 17, 6 South. 118, 4 L. R.
A. 380;  Long v. Holley, 177 Ala. 508, 58 South.
254;  Kansas Liquor Cases, 25 Kan. 751, 37
Am. Rep. 285;  Marks v. State, 159 Ala. 71,
48 South. 864, 133 Am. St. Rep. 20.

The court erred in refusing the affirmative
charge requested by the defendant.

Reversed and remanded.