(128 So. 115)

## HICKS v. STATE.

### 7 Div. 595.

Court of Appeals of Alabama.
April 22, 1930.

Charlie C. McCall, Atty. Gen., for the State.

BRICKEN, P. J.

The appellant was tried in the court below by the judge and without a jury; was adjudged guilty, and appealed to this court.

By express terms of the statute, the Supreme Court and Court of Appeals of this state have appellate and supervisory jurisdiction of the court in which this case was tried, and the judge thereof. Local Acts 1927, p. 99, § 27, and where a case has been tried by the judge of the court without the intervention of a jury; on appeal, we are to review the same without any presumption in favor of the court below, either on the rulings on the law, or conclusion on the evidence, and, if there be error, shall render such judgment in the cause as the court below should have rendered, or reverse and remand the same for further proceedings in the court below as this court may deem right. Section 8599, Code 1923.

In conformity to the foregoing, we hold that the conviction of this appellant in the court below was erroneous, and that under the evidence adduced upon the trial the accused was entitled to his discharge.

The state failed to meet the burden of proof resting upon it, the only evidence tending to establish the corpus delicti was manifestly based upon the conclusions and opinions of the witnesses who testified in this connection, and conviction for crime cannot be rested up-on such evidence. There is some analogy in this case with the case of Humphrey v. State, 16 Ala. App. 244, 77 So. 82. Section 4719 of the 1923 Code also has some bearing upon the manner in which a case of this character should be tried and determined.

Several of the exceptions reserved to the court's rulings were well taken. The judgment of conviction from which this appeal was taken is reversed, and an order here entered that the appellant, defendant below, be discharged from further custody in this proceeding.

Reversed and rendered.