(134 So. 890)

**BRANDON v. STATE.**

8 Div. 195.

Court of Appeals of Alabama.
April 7, 1931.

Rehearing Denied May 5, 1931.

Thos. E. Knight, Jr., Atty. Gen., for the State.

## SAMFORD, J.

Defendant was indicted on a charge of violating the Prohibition Law, the specific charge being that he sold or had in his possession lemon and vanilla extracts, a liquor, liquid, or drink made or used for beverage purposes containing alcohol. Such liquid is an alcoholic liquor within the terms of the Statute, the sale or possession of which is condemned by our Prohibition Law. Code 1923, §§ 4615 and 4621.

It is not a violation of the Prohibition Law for merchants to sell and persons to possess lemon and vanilla extracts as the same are ordinarily sold and possessed as articles of legitimate commerce and used by the possessors for the purposes for which they were legitimately designed. But, where liquids containing alcohol are sold as and used for beverage purposes, the sale or possession of such is a violation of the prohibition statutes, even if such liquor contains the essence of lemon or vanilla or other constituents which either separately or in conjunction with alcohol possess useful properties for medicinal or other purposes. Under the Volstead Act, c. 85, tit. 2, § 4, 41 Stat. 309 (27 USCA § 13), certain articles of commerce, including flavoring extracts, are excepted from the terms of the statute, but our prohibition statutes make no such exception and are designed to cover any alcoholic liquor whether mixed with other ingredients or not to be used for or that is capable of being used for a beverage. Wall v. State, 78 Ala. 417; State v. Wilson, 80 Mo. 303. The above is not in conflict with the opinion in Hicks v. State, 23 Ala. App. 507, 128 So. 115.

It, therefore, becomes a question for the jury under the facts as to whether in good faith the defendant kept and sold the lemon or vanilla extract as a culinary article of commerce or as a beverage. In passing on this question, the intent of the buyer as to the use to be made of the extract and the intent of the seller are to be considered, and any evidence tending to establish these facts is relevant. 33 Corpus Juris, 492 (2) 2.

The evidence in this case tends to prove that the principal state's witness, who was the buyer, went into the place of business of defendant in Scottsboro and purchased some

Proctor & Snodgrass, of Scottsboro, for appellant.

five or six bottles of this extract, which he drank in the back room of defendant's store, and from the effects of the extract he became intoxicated or drunk. It was also shown that the first purchase was made early in the morning and the others about 1:30 p. m. There was evidence tending to prove that defendant carried in stock at that time from six to ten dozen bottles of the liquid which was called "Canover Vanilla Extract," some of which was openly on his shelves and some in cases under the counter. There was evidence tending to prove that in the back of defendant's store, where the state's witness testified he threw his empty bottles after drinking the contents, there were "a pile of empty extract bottles," and two cases of empty extract bottles under the counter. The foregoing facts, with perhaps some other slight circumstances, were sufficient to go to the jury and to authorize them to find therefrom that the defendant did sell or possess prohibited liquors in violation of law.

It is the law, as contended by appellant, that this court does not judicially know that lemon or vanilla extract is a prohibited liquor within the meaning of the prohibition statutes, and we still adhere to the rule in Grant v. State, 22 Ala. App. 475, 117 So. 1, but in this case the evidence for the state tends to prove that the liquor sold by defendant made state's witness intoxicated or drunk, which was sufficient of itself to warrant the finding by the jury that the liquor sold was prohibited by statute.

The charge in this prosecution is that defendant did "sell or possess," etc. The possession referred to any part or all of defendant's stock of the liquor, and hence an election was not necessary, but, having been made by the solicitor so as to cover the extract sold at 1:30 p. m., any or all facts tending to prove that defendant was in possession of or selling the liquid as a beverage was relevant and pertinent to the issue. This would include evidence of the number of sales, unusual number of empty extract bottles in and near defendant's store, and as tending to prove the quantity sold, the size of the bottles found in the store.

It is contended by appellant that, in view of all the facts and the further fact that the liquid sold is an article of commerce, the possession and sale of which is not per se a violation of the Prohibition Law, the sentence imposed is excessive. As to this we can only say that under our law the presiding judge is charged with the responsibility of fixing punishments in this class of cases, within limits fixed by the Legislature, and, unless it clearly appears that this power has been abused, we will not review the court's action in fixing the punishment.

We find no error in the record, and the judgment is affirmed.

Affirmed.