144 So. 457

**NOLTEY v. STATE.**
**8 Div. 445.**

Supreme Court of Alabama.
Nov. 10, 1932.

J. Foy Guin, of Russellville, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

FOSTER, J.

The first count of the indictment is in form 101, § 4556, except that the word "buy" is omitted. There is no contention that it is

subject to demurrer. The second count adds the words "or beverages, to-wit: Jamica (sic) ginger," and is otherwise the same as count 1.

■ The claim is that count 2 is defective because Jamaica ginger is not a prohibited liquor as defined by section 4615. But that section defines such liquor, among others, as (4) "any intoxicating bitters or beverages by whatever name called," and (5) "any liquor, drink, or liquid made or used for beverage purposes containing any alcohol."

Section 4644, Code, provides that the form, in effect 101, is sufficient and includes "any device or substitute for any of said liquors." Although Jamaica ginger may not be judicially known to be an alcoholic or prohibited liquor, yet, if it is so alleged, the name of it does not disprove such allegation. It then becomes a question of fact. Wadsworth v. Dunnam, 98 Ala. 610, 13 So. 597; Marks v. State, 159 Ala. 71, 48 So. 864, 133 Am. St. Rep. 20; Carl v. State, 87 Ala. 17, 6 So. 118, 4 L. R. A. 380; Brandon v. State, 24 Ala. App. 289, 134 So. 890.

The only difference in legal effect between counts 1 and 2 is that to sustain count 2 the proof must show the unlawful handling of Jamaica ginger, and that it is a prohibited liquor as defined by law.

■ The fact that section 4731, Code, provides that it shall be unlawful to sell or dispose of Jamaica ginger except by a druggist on the conditions named does not militate against a construction of sections 4615, 4621, whereby Jamaica ginger may be shown as a fact to be a prohibited liquor, when so alleged, and, as such, those sections would apply with the exception of the right conferred by section 4731, which would relieve the transaction of being unlawful as alleged in counts 1 and 2. Under counts 1 and 2 defendant could be convicted for dispensing Jamaica ginger, if it is shown as a fact to be a prohibited liquor, unless defendant were justified by authority of section 4731; for in that event his conduct would not be "contrary to law," as those counts assert. A rule of law has been quoted in several cases that, when exceptions are expressed in the enacting clause of an act prohibiting the sale, etc., of liquor, the indictment should negative them in order to bring the alleged crime within the words of the statute; and that this is

not necessary when the exceptions are created in provisos of the act. Clark v. State, 19 Ala. 552; Carson v. State, 69 Ala. 235; Bogan v. State, 84 Ala. 449, 4 So. 355; Grattan v. State, 71 Ala. 344; Sims v. State, 135 Ala. 61, 33 So. 162.

But it has been held that an allegation that the sale "was without a license and contrary to law is the equivalent of the negative averment referred to." Guarreno v. State, 148 Ala. 637, 42 So. 833, 835. See Tarkins v. State, 108 Ala. 17, 19 So. 24. There is now no license permitted, and the words negativing a license are now omitted, but the words "contrary to law" remain. These, we think, have that effect.

■ Count 3 charges that defendant did give away or sell the essence, extract, or tincture of Jamica ginger for beverage purposes contrary to law. This is made a crime by section 4731, Code, whether intoxicating or alcoholic or not (and it is not so charged in count three), except that druggists may sell on certain conditions. There is no allegation that defendant was not a druggist, or did not comply with the conditions. Marks v. State, 159 Ala. 71, 48 So. 864, 133 Am. St. Rep. 20. But if such were so, it would not be "contrary to law," as alleged. So that we think counts 2 and 3 were not subject to the demurrer, and the Court of Appeals correctly so held.

We have made the foregoing comments in response to the argument of counsel, but in respect to the other matters treated in the opinion of the Court of Appeals we need add nothing. We cannot review that court in respect to its finding of what the record shows on the issue of a misnomer. The matter of the form of the judgment is supported by the authorities cited in that opinion.

■ We also think that the words of the judgment that "it is ordered by the court that the defendant be sentenced," mean that he is then and thereby so sentenced, and not that he shall be at some future time.

We find no error in the opinion of the Court of Appeals, and the writ of certiorari is denied.

Writ denied.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.