## SCHWYHART v. UNITED STATES.

### No. 10480.

Circuit Court of Appeals, Eighth Circuit.

April 8, 1936.

W. N. Ivie, of Rogers, Ark. (J. Loyd Shouse, of Harrison, Ark., on the brief), for appellant.

Duke Frederick, Asst. U. S. Atty., of Fort Smith, Ark. (Clinton R. Barry, U. S. Atty., and John E. Harris, Asst. U. S. Atty., both of Fort Smith, Ark., on the brief), for the United States.

Before GARDNER, VAN VALKENBURGH, and FARIS, Circuit Judges.

GARDNER, Circuit Judge.

Appellant was jointly indicted with his brother, Bill Schwyhart, in an indictment charging that appellant and his codefendant "on the 30th day of October, 1934, in the Harrison Division of said District and within the jurisdiction of said court, did unlawfully and feloniously and forcibly break into a certain building used in part as a United States post office, to-wit, a certain store building used in part as the United States Post Office at Oakgrove, in Carroll County, Arkansas, with intent on the part of said defendants to commit in such post office and building larceny and other depredation." Appellant alone was placed on trial, his codefendant not having been apprehended.

At the close of the evidence, appellant made a motion for a directed verdict of not guilty, upon the grounds that "there is no substantial evidence connecting the defendant with the offense alleged or attempted to be alleged in this indictment; said indictment charging in substance, the breaking and entering of a building in which was located the Oakgrove, Arkansas, post office, with the intent to commit larceny in that part of the building in which the post office was located; and there is no substantial evidence showing that this defendant had any connection with the breaking or entering of said building or post office if same was broken into and entered as alleged." This motion was denied, to which ruling defendant saved an exception, and, having been found guilty by verdict of the jury, he prosecutes this appeal from the judgment and sentence entered on such verdict. The substantial issue presented is whether there was sufficient evidence to sustain the verdict; appellant contending that there was no substantial evidence of breaking into the building, and that it was error to deny the motion for a directed verdict of not guilty.

The statute upon which the indictment was based is section 192 of the Criminal Code (section 315, title 18, U.S.C.A.), which reads as follows: "Whoever shall forcibly break into or attempt to break into any post office, or any building used in whole or in part as a post office, with intent to commit in such post office, or building, or part thereof, so used, any larceny or other depredation, shall be fined not more than $1,000 and imprisoned not more than five years."

The object of the statute was to protect the postal service of the United States and to secure the buildings used for postal purposes from felonious breaking and entry with the criminal intent defined in the statute. It is that feature of the crime, and not the crime of larceny, that gives the federal government the right to punish such offenses. The very essence of the offense is the forcible breaking into and entry of the building used in whole or in part as a post office. Sorenson v. United States (C.C.A.8) 168 F. 785. To prove the corpus delicti there must be substantial evidence sufficient to show affirmatively and beyond a reasonable doubt that there was such a breaking and entry as are necessary to constitute the offense denounced by the statute. Evidence which leaves to conjecture the manner in which the entry was effected is insufficient. Sorenson v. United States, supra. There was no evidence which directly connected appellant with the breaking into the building, and there was no evidence that he had been in the vicinity of the building at or prior to the time of the alleged burglary. The only evidence relied upon by the government as connecting him with the entry of this building was his alleged possession of certain property which had been stolen from this building. We need not dwell upon the character of this evidence. Suffice it to say it was insufficient to prove that the possession was personal and exclusive. In any event, evidence of possession of stolen goods by defendant

will not support a conviction for burglary, unless there be proof of the breaking and entering. There is a total absence of any direct proof that anyone broke into the building described in the indictment. The evidence relied on by the government to show the breaking into the building may be summarized as follows:

The owner of the merchandise stolen testified that: "My store was burglarized on the night of October 30, 1934. * * * I went over early in the morning to make a fire in the store as usual and when I opened the door and went in I saw the store was most a blank; looked like the biggest part of the stuff I had was gone. I looked around in there a little and walked around back in the post office and saw the safe was rolled out and gone, then I went back to the house and told my folks the store had been robbed. The safe located in the post office and the post office safe was gone. All property that belonged to the post office was in the safe and was gone. * * * I found plenty of automobile tracks around the back end of the store where it was entered. * * * The safe that was taken from the post office was about three and a half feet tall, etc." The postmistress, called as a witness, testified as follows: "I recall the time the post office was burglarized. There was property of the United States, which was in my possession as postmaster, that was taken by the burglars." The county sheriff, called as a witness, testified as follows: "I received information the latter part of October, 1934 that the post office at Oakgrove had been burglarized."

█ This is all the evidence in the record which may be said to relate to the method of entry. The testimony that automobile tracks were found around the back end of the store "where it was entered" is manifestly insufficient to prove a breaking and entry required by the statute. The only other testimony consisted in the legal conclusion of lay witnesses that the store was burglarized on the night of October 30, 1934. This was an opinion of unqualified witnesses, which was not based upon nor supported by any established facts, physical or otherwise. Such testimony might imply the idea of the witness that there had been a forcible entry and a larceny, or it might include his idea of an entry without force and a commission of a larceny. It leaves the proof of the corpus delicti entirely conjectural because it fails to show affirm-

atively a forcible entry. In criminal cases, conclusions of nonexpert witnesses embracing the essential elements to be proven cannot be said to constitute substantial evidence upon which a jury may be permitted to base a verdict of guilty. Sorenson v. United States, supra; Berry v. United States (C.C.A.) 275 F. 680; Little v. Commonwealth, 151 Ky. 520, 152 S.W. 569, 570; Wallace v. Commonwealth, 162 Ky. 85, 172 S.W. 118; Hicks v. State, 23 Ala.App. 507, 128 So. 115; People v. Butman, 357 Ill. 506, 192 N.E. 564.

In Berry v. United States, supra, defendants were convicted of selling beer in violation of the Volstead Act (27 U.S. C.A.). In the course of the opinion it is said: "Government agents purchased two bottles containing some sort of liquid and drank the contents. They were permitted, over objection, to say that what they drank was beer. To constitute a violation, the drink would have had to be 'beer' as defined in the act. These government agents were not chemists, attempted no analysis, and established no expert qualifications to measure the alcoholic content of the liquid by drinking it. Their testimony that the liquid was the 'beer' denounced by the act was therefore merely the opinion of unqualified witnesses, and affords no basis for the judgment."

In Hicks v. State, supra, there was a prosecution for the violation of the state prohibition law. In holding the evidence insufficient to sustain the verdict of guilty, the court said: "The state failed to meet the burden of proof resting upon it, the only evidence tending to establish the corpus delicti was manifestly based upon the conclusions and opinions of the witnesses who testified in this connection, and conviction for crime cannot be rested upon such evidence."

In Little v. Commonwealth, supra, the defendant was convicted of a housebreaking. After holding that the gravamen of the offense was not the larceny, but the breaking of the warehouse for the purpose of stealing, the court said: "Indeed, there is no evidence whatever to show how the entrance was made, or whether the warehouse, or barn, in which the corn was stored, was inclosed at all. * * * For although appellant stole the corn, unless there was a breaking into the building, with the intent to steal, carry away, or destroy this corn, he would only be guilty of grand or petit larceny, dependent upon

the value of the corn stolen, and not of housebreaking."

In Wallace v. Commonwealth, supra, the prosecuting witness stated that "'the house must have been broken into between Sunday and Wednesday'; that she always closed up the house when she left it; that it was not left open at any time during the week before the discovery of the absence of the missing articles, so far as she knew; and, in answer to the question, 'You don't know how the parties entered the house, that got those things, and have no idea about it?' she answered, 'None in the world.'" The court held that the defendant was entitled to a directed verdict of not guilty.

Here the evidence is wholly insufficient to prove that there was a breaking and entry, and hence there was a total lack of proof of the corpus delicti; and the judgment appealed from is therefore reversed and the cause remanded, with directions to grant the defendant a new trial.