**John Paul MASTERS, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 17937.

United States Court of Appeals Eighth Circuit.

Oct. 7, 1965.

W. Lawrence Oliver, Des Moines, Iowa, filed typewritten brief for appellant, and made argument.

Philip T. Riley, U. S. Atty., Des Moines, Iowa, made argument for appellee and filed printed brief with Jerry E. Williams, Asst. U. S. Atty., Des Moines, Iowa.

Before VOGEL, Chief Judge, and VAN OOSTERHOUT and MEHAFFY, Circuit Judges.

VAN OOSTERHOUT, Circuit Judge.

Defendant John Paul Masters was indicted, tried by a jury, found guilty and sentenced on a charge of breaking into a post office rural station located in Farson, Iowa, with intent to commit larceny in violation of 18 U.S.C.A. § 2115. This is an appeal from such conviction.

Defendant's appeal is based solely and entirely upon the ground that the evidence offered by the Government is not sufficient to support his conviction and that error was committed by the trial court in overruling his motion for directed verdict made at the close of the Government's evidence, renewed at the close of all the evidence, and again raised by motion for judgment n. o. v. We have carefully examined the record and are completely satisfied that there is adequate evidentiary support for the jury's verdict and that defendant's motions for acquittal were properly denied.

The evidence, for the purpose of passing upon the motion, must of course be viewed in the light most favorable to the Government. We summarize the evidence upon such basis.

Miss Elmore testified that on March 27, 1964, the date of the break in and robbery, she operated a grocery store at Farson, Iowa, and a post office substation located in such store. She lived in quarters in the rear of the building. After going to bed but while she was still awake, she heard a noise shortly after midnight which sounded like the side door was being pried open with a bar. She had locked all doors at closing time about 6 p. m. At the side door entrance, the screen door had been hooked and the inner door had been locked. Subsequent investigation disclosed the screen near the hook had been cut and the inner door had been sprung and marks of an instrument used to pry open the door were visible. Miss Elmore heard the door open and the footsteps of the intruder who entered the premises. She heard the sound of the metal drawers in the post office section, which were the only metal drawers in the building, being opened and also heard the sound of handling and opening the mail in the post office. One of the doors between the store and the adjacent living room section was open. The intruder peered through the door but it was too dark to make an identification. Miss Elmore testified that she could often recognize people by the sound of their footsteps and the footsteps sounded like those of the defendant. The defendant had been in the store a number of times prior to the robbery. Miss Elmore admitted that she was unable to positively identify the intruder.

Mrs. Sterling, who assisted her husband in operating a grain elevator at Farson, testified that in the late afternoon of March 27 she deposited in the mail at the Farson post office a letter addressed to her depository bank containing a number of checks with deposit slips, including a check for $498.21 drawn on a Missouri bank which she had received from Elmer Roewe for grain purchased. The checks never reached the bank and were not again seen by the Sterlings. The opened envelope which had contained the checks, and which was introduced in evidence, was found in the post office after the robbery with its contents missing.

Charles Shepherd, who was with the defendant on the night of the robbery,

testified he and defendant had left Ottumwa earlier that evening; that they had visited a number of taverns, and that he had passed out. The next thing that he was aware of was that he was awakened by the defendant while their car was parked at the Farson post office and advised by the defendant that he had just robbed the post office. Shepherd and defendant then drove to a nearby filling station operated by Latta. Defendant unsuccessfully tried to pass the Roewe check to Latta. Shepherd testified that Latta furnished some ink and eradicator, whereupon some alterations were made upon some of the checks.

Latta testified that the defendant had tried to purchase his automobile with a check just under $500 but that he had refused to accept it. Latta denied furnishing ink eradicator and participation in the check operations.

On April 1, 1964, defendant unsuccessfully attempted to use the Roewe check to purchase a used car at McGrevey's in Des Moines. When McGrevey inquired at the drawee bank, he was advised that the drawer of the check had sufficient funds to take care of the check but had stopped payment.

Shepherd testified that the defendant gave him the stolen checks, requesting him to keep them for him, and that he got scared and burned them.

■ Defendant as a basis for reversal relies upon Schwyhart v. United States, 8 Cir., 82 F.2d 725, and Sorenson v. United States, 8 Cir., 168 F. 785. In Schwyhart, the court speaks of the statute then in force, 18 U.S.C.A. § 315, which is substantially the same as 18 U.S.C.A. § 2115 under which the defendant is charged, as follows:

"The very essence of the offense is the forcible breaking into and entry of the building used in whole or in part as a post office. Sorenson v. United States (C.C.A. 8) 168 F. 785. To prove the corpus delicti there must be substantial evidence sufficient to show affirmatively and beyond a reasonable doubt that there was such a breaking and entry as are necessary to constitute the offense denounced by the statute. Evidence which leaves to conjecture the manner in which the entry was effected is insufficient." 82 F.2d 725, 726.

We do not question the soundness of such rule. When the rule is applied to the facts of this case, we have no doubt that the Government has established forcible entry into a building used in part as a post office with intent to commit larceny in that part of the building used as a post office. The evidence hereinabove set out clearly supports a finding of a violation of 18 U.S.C.A. § 2115.

Schwyhart and Sorenson, wherein convictions were reversed, are clearly distinguishable factually from our present case. In those cases the court among other things found that no break in had been established. The evidence as to break in in our present case is substantial.

■ There is adequate evidence to support a finding that the defendant obtained possession of the $498.21 Roewe check which disappeared from the post office at the time of the robbery. Latta, Shepherd and McGrevey and his employees all testified as to defendant's efforts to pass this check. No attempt has been made by defendant to show that he had lawful possession of such check. We attach no significance to the fact that the check is described by some witnesses as being for $495 and by others as just under $500. Considerable time had elapsed since the transaction and the check had been destroyed. A sufficient basis exists for a jury determination that the check referred to by the witnesses is the $498.21 Roewe check drawn on a Missouri bank which was obtained in the robbery.

■ The unexplained possession of a check obtained in a robbery constitutes substantial evidence connecting defendant with the breaking and entering charge. See McNamara v. Henkel, 226 U.S. 520, 524–525, 33 S.Ct. 146, 57 L.Ed. 330; Harris v. United States, 9 Cir., 261

F.2d 897, 900. Additionally, there is Shepherd's testimony that defendant was present at the scene of the robbery and defendant told him he had robbed the post office.

It is true that Shepherd and Latta had criminal records and that under the evidence they might be considered accomplices of defendant. However, such facts if established only go to the weight of the evidence. Federal courts hold that a conviction may be based upon the testimony of an accomplice alone if it is not otherwise incredible or unsubstantial on its face—which it was not here. Caminetti v. United States, 242 U.S. 470, 495, 37 S.Ct. 192, 61 L.Ed. 442; Williams v. United States, 8 Cir., 328 F.2d 256, 259.

The court committed no error in overruling defendant's motions for acquittal and for judgment n. o. v. No error is urged with respect to the court's instructions or ruling upon evidence.

Our examination of the record convinces us that defendant has had in all respects a fair trial.

Judgment affirmed.