## CAREY vs. HUGHES.

1. A charge to the jury that they have a right to draw an inference, which is opposed to all the testimony, is erroneous.

Error to the Circuit Court of Macon. Tried before the Hon. John J. Woodward.

THIS was an action of assumpsit, originating in a justice's court, and was instituted by the defendant against the plaintiff in error to recover for work and labor done as a ditcher. The plaintiff below swore that he cut for the defendant some time in the winter of 1845–6, a ditch seventeen hundred and twenty yards long for which he was to have five cents per yard; that the work amounted to $86, of which defendant paid him $40. The defendant proved by one Amos, that he was defendant's overseer at the time the work was done; that defendant told him not to let the plaintiff undertake the work unless he would warrant it; that he communicated.this to the plaintiff, who said he would warrant it; that he went with plaintiff to the point at which he commenced and in passing a certain place, remarked that it would make a good rice patch, to which the plaintiff replied that he would warrant it to be too dry to raise rice after he had ditched it; that he frequently heard the plaintiff say that he was not to be paid for his work unless he drained or dried the ground; and that the ditch was of no benefit to the greater portion of the land. This was all the material evidence in the case. Among other charges the court charged the jury that if

they believed from the evidence that there was a contract be-
tween the plaintiff and defendant that the plaintiff should do
some ditching for the defendant and was to warrant his work,
they had a right to infer that he thereby only intended to warrant
that the same should be done in a workmanlike manner and not
that it should drain the land, and that if they believed the work
was done in a workmanlike manner they must find for the plain-
tiff. The defendant asked the court to charge the jury that
they might look to all the facts and circumstances detailed in
the evidence to ascertain whether the plaintiff by his contract
warranted that the ditch should drain the land, and if they
should conclude that such was the contract and that said ditch
did not drain the land, they ought to find for the defendant.
This charge the court gave, but with the qualification, that they
might look to the conversation between the witness, Amos, and
the plaintiff about warranting to drain the place spoken of as
suitable for a rice patch in determining whether the plaintiff
warranted the ditch to drain the land, but that said conversa-
tion, if had after the contract was made, did not of itself amount
to a warranty that he would drain the land. To the charge
given and to the qualification of the charge asked the defendant
excepted and now assigns them as error.

DOUGHERTY, for the plaintiff in error:

1. The charge that does not leave to the jury all facts the
evidence conduces to prove is incorrect.—Sullivan v. Enders, 3
Dana, 66. The first instructions given the jury were erroneous.

2. A misapprehension of the judge as to a material fact and
a direction to the jury accordingly, is sufficient ground for re-
versal.—Johnson v. Hurth, 1 Bailey, 482; Jones v. McNeil,
ib. 235. If the judge did not misapprehend the fact, that the
plaintiff below warranted the ditches to drain the land which
was abundantly shown by the evidence, the second charge
was manifestly calculated to mislead the jury—the effect of
which, see Benham v. Carey, 11 Wend. 83.

3. The last charge requested by defendant below should
have been given. If the first heavy rain filled the ditches with
mud and sand, the jury had a right to consider this fact in de-
termining whether they had drained the land.

4. The last charge but one was erroneous, for it assumes the

fact that it was the duty of Carey to have said ditches recut after every heavy fall of rain.

PARSONS, J.—The evidence does not conclusively show what the contract was. It is more than probable that no actual contract had been made between the parties about the ditching, up to the time when according to the deposition of Mr. Amos the plaintiff below, Hughes, came to commence the work. The parties must have conversed about such a contract, because Carey instructed Amos, who was his overseer at the time, not to let Hughes commence the work of ditching unless he would warrant his work. When Hughes came to commence the work and Amos had told him of this requisition of Carey, Hughes said he would warrant his work, and commenced. It is to be presumed from this that no perfect contract existed previously. It appears from some of the evidence that Carey was to pay five cents a yard for the ditching. This must have been mentioned between the parties previously as one of the terms of the proposed contract, and there was no difference between them, it is to be presumed, about it. It does not appear that Hughes undertook to cut the ditches any particular depth or width. These were remarkable omissions in such a contract, unless the contract were such as to render any stipulations about the depth and width of the ditches unnecessary. If Hughes contracted to cut such ditches as would effectually drain the land of Carey, then such stipulations were not only unnecessary but they would have been inconsistent with the nature of the contract. The parties had a right to make their contract in this respect as they thought fit, but the contract as made, as well as its subject matter, will be looked to in the attempt to ascertain what the parties intended. The question is whether Hughes was to warrant that his work, of some particular kind and quantity, was to be done in a workmanlike manner, or that it should be such as to drain the land. Upon this question the omissions are obviously material, as they tend to show that the ditching was to be such as to drain the land. The record contains other evidence showing, or tending to show, that this was in truth the contract of the parties, but it is not necessary to state it.

One of the charges of the court was as follows: "If the jury believed there was a contract between the parties, and the plain-

tiff by said contract agreed to warrant his work, that they had a right to infer that he thereby only intended to warrant that the same should be done in a workmanlike manner and not that it should drain said land, and if they believed that the work was done in a workmanlike manner, that then they must find for the plaintiff." It is our opinion that in reference to the evidence that was before the jury, it was error to charge that the jury had a right to infer that Hughes only intended to warrant that the ditches should be done in a workmanlike manner and not that it should drain the land, for such an inference was against all the evidence. The charge next given, taken with its qualification, cannot be considered as having fully cured this error. There were other charges, as to which we need give no opinion. Let the judgment be reversed and the cause remanded.