## MASON AND FRANKLIN vs. THE STATE.

[INDICTMENT FOR BURGLARY.]

1. *Offense of statutory creation; sufficiency of indictment.*—Where an offense is of statutory creation, an indictment which charges the offense, in the words of the statute creating it, is sufficient.

2. *Evidence of a criminal act, other than that charged, prima facie irrelevant.*—Where a defendant is on trial for burglary, evidence of one or more burglaries, committed by the defendant, for which he is not on trial, is *prima facie* irrelevant, and when the record fails to show any ground for the admission of such evidence, this court will not look at the record of another case, in this court, between the same parties, to show that no error was committed, as was determined in regard to the the same evidence in that case.

APPEAL from the City Court of Montgomery.
Tried before Hon. T. M. ARRINGTON.

THE indictment in this case was found at the February term, 1868, of said city court, and charged, " that before the finding of this indictment, Thomas Mason, John Franklin, and Richard Henley, broke into and entered a dwelling, to-wit : an office of Benjamin Micou and George Morgan, in which money, a valuable thing, was then and there kept for use, sale or deposit, with intent to steal, against the peace," &c. There was a *nolle prosequi* entered as to Richard Henley. The defendants demurred to the indictment, but their demurrer was overruled. The defendants then pleaded not guilty ; the jury found them guilty, as charged in the indictment. The bill of exceptions reserved by the defendants, on the trial in the court below, after setting out the grounds of demurrer to the indictment, thus proceeds : " There was no positive proof against the defendant Mason, and the only positive proof against the defendant Franklin, consisted in his alleged confessions, after stated. One Henley had also been indicted with these defendants, but the State entered a *nolle prosequi* as

to him, to make him a witness. This witness and Franklin had come to Montgomery together, and were rooming together at the hotel. Mason was in another room, in the same hotel, but witness had no acquaintance with him, except a formal introduction, and did not converse with him. The bank was burglariously entered, and attempted to be robbed, on Thursday night. During Wednesday, Thursday, Friday, and Saturday, the witness frequently saw Franklin and Mason together. Witness and Franklin reached Montgomery Wednesday morning, and the parties were all arrested Sunday morning.

The State offered to prove by this witness, that Franklin had said to him, witness, that the boys were afraid he, the witness, would blow on them, and that they threatened him if he did. To this testimony defendants objected. The objection was overruled and the testimony admitted, and they excepted. This witness testified, that Friday evening Franklin wore his, witness' boots, and that he returned during the night, informing witness that his boots were gone up ; and that he, Franklin, had been put to the necessity of getting a pair of shoes to reach his boarding house. To this testimony defendants objected. The objection was overruled, the testimony admitted, and defendants excepted.

Proof was offered, that on Friday night the dwelling house of Mrs. S. was burglariously entered, and the burglar being frightened off, a boot was left in the house. This boot said witness, Henley, recognized as his missing boot. To this proof the defendants objected. The objection was overruled and the testimony admitted, and defendants excepted. Before giving the foregoing testimony, this witness, Henley, had testified, that on Thursday evening Franklin told him that he had a big job on hand that night, and that he would be gone pretty well all night. This witness further testified, that on Friday morning Franklin pointed out to him the bank of Micou & Morgan, in which he said he and Mason and others had worked hard all night, and had failed to get into the bank; said they would have made a big haul if they had succeeded,

and that the parties had been waiting a week for a rainy night, to rob this bank. And this is signed, sealed," &c.

STONE, CLOPTON & CLANTON, for appellants.

JNO. W. A. SANFORD, Attorney-General, *contra.*

JUDGE, J.—The indictment is not for the offense of burglary, as defined by the common law, but for an offense which may properly be said to be of statutory creation.— Revised Code, 3695. The statute creating the offense fully defines it ; and in every such case, as has been repeatedly ruled by this court, it is sufficient if the indictment charge the offense in the words of the statute. Such was done in the present case ; and for this reason, if no other, we would hold that the court rightfully overruled the demurrer. But, further, if no form be prescribed by the Code for indictent, an analagous form, if any, may be used. In the respect in which the indictment before us is said to be deficient, to-wit : in charging that the prisoners broke into and entered an office where money " was then and there kept for use, sale, *or deposit,*" it conforms to the analogy furnished by form 53, p. 813, of the Revised Code, which is for embezzlement of money, &c., by a bank officer ; and which concludes by charging that the money was " in the possession of said bank, *or* deposited therein."

But the judgment must be reversed, for the reason that irrelevant evidence was permitted to be introduced against the prisoners, viz : the evidence tending to show that they had burglariously entered the dwelling house of a Mrs. S., which was not charged against them on the record. The bill of exceptions does not purport to set out all the evidence which was introduced on the trial ; and we can not look to the full detail of facts connected with the last named, and other burglaries, as set out in the record of another case in this court between the same parties, to show that no error was committed, as was determined in regard to the same evidence in that case. In the aspect of the present case, the evidence in question, when offered, was *prima facie* irrelevant, and the records fails to show any ground for its admission.

We do not deem it necessary to notice any other question in the case.

The judgment must be reversed and the cause remanded; and the prisoners will be retained in custody until discharged by due course of law.

The chief justice sustains the overruling of the demurrer to the indictment on the analogy to the prescribed form, and the authority of § 4125 of the Revised Code, which allows the charging of different offenses in the same court in the alternative, when they are of the same character and subject to the same punishment.

The indictment is not assailed on the ground that it charges different offenses in the same count in the alternative; and while we agree with the chief justice as to the effect of § 4125 of the Revised Code, in a proper case, we rely upon the grounds stated in our opinion, as an answer to the only distinct objection made to the indictment.