WICKS *vs.* THE STATE.

[INDICTMENT FOR BURGLARY.]

1. *Charge of court; what, erroneous.*—In a criminal case, a charge of court, *mero motu,* which needs explanation to rescue it from unfairness, and which is calculated to prejudice the defense of the accused, is erroneous.
2. *Principal and accessories; distinction between abolished.*—In this State, all who in any manner participate in the commission of a burglary, are guilty, without regard to the former distinction of principal and accessories in such offense.
3. *Burglary, indictment for; what sufficient.*—A count in an indictment for burglary, which charges that the accused broke into and entered the store-house of W., "in which goods and merchandise were kept for use, sale or deposit, with intent to steal," is not bad on demurrer, because it is not also alleged that "said goods and merchandise were of any value, or were valuable things."

APPEAL from Circuit Court of Wilcox.
Tried before Hon. P. O. HARPER.

The facts are sufficiently set out in the opinion.

J. Y. KILPATRICK, and J. McCASKILL, for appellant.
JOSHUA MORSE, Attorney-General, *contra.*

PETERS, J.—The appellant, James Wicks, and six others, were indicted in the circuit court of Wilcox county in this State, at the spring term, 1869, for burglary. There were three counts in the indictment; to each one of which there was a demurrer. The demurrers to the first and third counts were sustained, but overruled as to the second. The second count was in these words:

"And the grand jury of said county further charge, that before the finding of this indictment, Giles Kimbrough, Randal Kimbrough, Adison Kimbrough, Phœbe Kimbrough, Henry Swearingen, James Wicks, and Franklin Madison, broke into and entered the store of John B. Wood, in which goods and merchandise were kept for use, sale or deposit, with intent to steal, against the peace and dignity of the State of Alabama."

The cause of demurrer is, that it was not averred in said count of said indictment, "that said goods and merchandise were of any value, or were valuable things."

Upon this demurrer being overruled, issue was joined upon the plea of not guilty. And on Wicks' motion the court permitted a severance on the trial below, and Wicks was tried alone, and convicted and sentenced to the penitentiary for two years. From this conviction Wicks appeals to this court.—Rev. Code, § 4190.

The second count of this indictment was sufficient. The allegation charging the offense is strictly in accordance with the language of the statute, and the form of statement is in compliance with that laid down in the Revised Code.—Rev. Code, § 3695; Forms, No. 35, p. 811. It has been repeatedly held by this court, that such an indictment is sufficient.—Mason et al. v. The State, 42 Ala. 543; Gabriel v. The State, 40 Ala. 357.

On the trial, the accused offered evidence tending to show that he had not been present at the commission of the offense, and that he had not aided or abetted in its commission. There was some proof offered, tending to show that he had confessed his guilt before the committing magistrate. But the only certain proof on the facts of the commission of the offense was, that a portion of the goods taken from the store were found concealed in Wicks' possession, on the Monday after the store had been broken into on the Saturday night before. There was proof tending to show that the goods thus found had been received by Wicks from the parties who had taken them from the store, some time after they had been so taken. There was no evidence except the bare possession of the goods, and an equivocal confession before the magistrate, that Wicks

knew when the goods were taken, or that they had been stolen at all. It was shown that the goods had been taken by the other parties, who had been indicted along with Wicks, on the Saturday night before a portion of the goods were found in the possession of Wicks. The bill of exceptions contains all the testimony given on the trial.

Upon this testimony, the court charged the jury, "that the fact that the defendant had possession of the goods taken from Woods' store, and that a part were found concealed, is evidence of the fact that he did not come by the goods honestly, and the jury can look to that fact in determining the question of guilt under the present indictment, unless satisfactorily explained." This charge was objected to and exception reserved.

The defendant then asked the court to charge the jury, that if they " believed from the evidence that the defendant received some of the goods taken, on the night of the burglary, from Randal Kimbrough and Henry Swearingen, even though he may have known that they were stolen, he could not be convicted on this indictment." This was refused, and the defendant excepted.

The defendant then also asked the court to charge the jury, that they "must be satisfied from the evidence, beyond all reasonable doubt, that the principals, Randal Kimbrough and Henry Swearingen, are guilty, before they can find the defendant, Jim Wicks, guilty of aiding and abetting in the commission of the offense charged." This charge the court refused, and the defendant excepted.

The charge of the court must be referred to the testimony upon which it is based, in order to determine its correctness.—Noles v. The State, 26 Ala. 31.

In this case the statute law has abolished all distinction between principals and accessories before the fact of the commission of the offense, and between principals in the first and second degree. Such persons are now all guilty and punishable in the same degree.—Rev. Code, § 4129. The testimony must show an actual participation in the commission of the offense, else the party charged can not be convicted under this statute. Breaking into the house with intent to steal is the *gravamen* of the offense. It is not

required that there shall be a theft committed. The recent possession of stolen goods, without an explanation of such possession, necessarily implies a connection with the felonious taking. And such taking must be referred to the deposit where the owner left his goods. If these were left in a house, and the house is found broken into and entered and the goods taken away, and the goods, or a portion of them, found with the accused and concealed, this connects his possession with all the facts that reasonably lead back to the original taking. Then, if there was no other testimony in favor of the accused except the possession of the goods after the house had been found broken and entered, he might be convicted upon such testimony alone. But here, there was other testimony, which tended to show that the store had been broken and entered by Kimbrough and Swearingen, and the goods taken by them delivered some time afterwards to Wicks, the appellant. The charge of the court was calculated to ignore this latter testimony and to mislead the jury. Such charges are improper and erroneous. Such a charge authorizes the jury to draw an inference opposed to a material portion of the testimony in the cause. This is calculated to strengthen one portion of the testimony against the accused at the expense of another portion, in his favor. This is calculated to bring about a conviction under a state of facts altogether doubtful and uncertain. A charge of the court, *mero motu*, which needs an explanation to rescue it from unfairness, and is calculated to prejudice the defense of the accused, is erroneous.— 23 Ala. 17; *Cary v. Hughes*, 17 Ala. 388; *Dunlap v. Robinson*, 28 Ala. 100.; *Stanley v. Nelson*, 23 Ala. 514; *Holmes v. The State*, 23 Ala. 17; *Leoni v. The State*, January term, 1870.

The first charge asked and refused was properly denied. When referred to the whole testimony in the case it was incorrect. It rested the defense on a part of the testimony only. It denies to the proof of a confession of guilt any effect whatever. If the accused had been shown to have had no connection with the breaking into the store and the original taking of the goods, then he could not have been convicted under this statute. The charge asked assumes

this view of the evidence. But the evidence in fact goes further. It tends to show a confession of guilt in addition to the possession of a portion of the goods. Such a charge was calculated to mislead the jury. It was therefore properly refused.—*Solomon et al. v. The State,* 28 Ala. 83.

The third charge, which was the second one that was refused, should not have been given. It has reference to a condition of the law that does not now exist in this State. The distinction between principals and accessories in this offense is now abolished by the Code. All are principals who in any way participate in the commission of the offense. Rev. Code, §§ 4129, 3541, 3695 ; 42 Ala. 543, *supra.*

The judgment of the court below is reversed, and the cause is remanded for a new trial. The defendant will be detained in custody until discharged by due course of law.