# Wright *v.* The State.

129  123
131   36

*Indictment for Selling Spirituous, Vinous or Malt*
*Liquors without License and contrary to Law.*

1. *Selling spirituous liquors; admissibility of evidence.*—On a trial
   under an indictment for selling spirituous, vinous or malt
   liquors without a license and contrary to law, where the evi-
   dence for the State connecting the defendant with the com-
   mission of the offense was circumstantial and tended to show
   that the sale was made in the room of another person, tes-
   timony going to show that in said room liquors were kept
   and controlled by the defendant and jointly with said other
   person, and that on the occasion when whiskey was being
   sold by said other person in the defendant's presence, the
   defendant was assisting him and was personally concerned in.
   the disposition of the liquor, is competent and admissible in
   evidence.

2. *Same; same.*—In such a case, it is not prejudicial to the defend--
   ant to allow a witness upon his examination, to deny that
   he testified before the. grand jury to having seen whiskey
   bought in the house where the defendant was arrested and
   where the evidence for the State tended to show the selling
   of the whiskey complained of occurred.

3. *Trial and its incidents; review on appeal from judgment ren-*
   *dered by court without jury.*—Where a case is tried by a
   court without a jury and no special finding is made, the
   court's judgment on the facts is equivalent to a verdict of
   a jury and is not reviewable on appeal; and, therefore, un-
   der an act providing for appeals to the Supreme Court from
   judgments rendered by a county court in misdemeanor cases,
   which provides that the laws relating to appeals in misde-
   meanor cases from the circuit court of said county shall
   apply to such appeals, if the case is tried by the court with-
   out a jury and a special finding is made, the appellate court
   will not review the judgment of conviction on the facts or-
   examine into the sufficiency of the evidence to support such
   judgment.

APPEAL from the County Court of Sumter.
Tried before the Hon. W. R. DeLoach.

The appellant, Austin Wright, was indicted, tried and convicted for violating the prohibition law of the county of Sumter and for selling spirituous, vinous or malt liquors without a license and contrary to law.

The testimony for the State tended to show that the defendant was in a room of a house occupied by one Bob Witt, where there was whiskey sold; that the defendant was assisting said Witt and that while so assisting Witt whiskey was purchased from said Witt and that the defendant was arrested while so engaged in said room.

The testimony for the defendant tended to show that he did not sell any whiskey at the time referred to by the witness for the State; that while he was in said room Bob Witt, who occupied the room, asked. him to wash some bottles for him, which he did at the request of said Witt, that he had no interest in the whiskey that was sold, nor was he in any way engaged in selling it or employed in selling it.

During the examination of one Sam Hutchinson, a witness for the State, and after he had testified that he went to the room occupied by Witt and that he found the defendant there, he was asked if he saw, while in said room, a two gallon jug, several bottles filled with whiskey and some five gallon kegs, which were exhibited during the trial of the case? The defendant objected to these questions upon the ground that it did not connect the defendant with the possession or ownership of the things exhibited. The court overruled the objection, stating that if it was not connected with the defendant it would be ruled out. To this ruling of the court the defendant duly excepted. The witness was then asked against the objection and exception of the defendant, if he had ever seen the jugs, bottles and kegs in the possession of the defendant, and said Bobb Witt? and he replied that he had seen them in the possession of the defendant and Bob Witt. Upon being asked, against. the objection and exception of the defendant, as to whether or not he bought any whiskey in the town of Livingston at the time designated, and if so from whom did he buy it? the witness answered that he bought some whiskey at the place and

[Wright v. The State.]

time designated from Bob Witt; that when he bought the whiskey from Witt there was no one in the house except the defendant, Witt and himself; that the defendant was washing some bottles and filling them with whiskey, and that he saw the defendant help Witt open one of the kegs of whiskey. The defendant moved to exclude this answer of the witness upon the ground that it was immaterial and did not connect the defendant with the sale of any spirituous, vinous or malt liquors. The court overruled the motion, and the defendant duly excepted. During the further examination of this witness, and upon his testifying that he did not see any one else buy any whiskey while he was in said room, the solicitor asked him the following question: "Did you not testify before the grand jury that you saw others buy whiskey in said house that day?" The defendant objected to this question, the court overruled the objection, and the defendant duly excepted. The witness answered that he did not. There was other evidence tending to show that the defendant was in said house at the time designated and assisting Witt in the sale of whiskey.

The cause was tried by the court without the intervention of a jury and without making any special finding, the court rendered a judgment of conviction against the defendant.

W. K. SMITH, for appellant.—The evidence introduced by the State against the objection of the defendant was inadmissible.—*Buchanan v. State,* 109 Ala. 7; *Linchan v. State,* 113 Ala. 70; *Crane v. State,* 111 Ala. 45; *Morgan v. State,* 81 Ala. 72.

The evidence in the case was not sufficient to authorize a conviction.—*Wren v. State,* 70 Ala. 1; *Summers v. State,* 70 Ala. 16; *Cawthorn v. State,* 63 Ala. 157.

CHAS. G. BROWN, Attorney-General, for the State.

SHARPE, J.—That a witness was allowed to deny that he testified before the grand jury to having seen whiskey bought in the house where defendant was arrested was not prejudicial to defendant. The re-

maining portions of the evidence objected to were competent, some as going to show that intoxicating liquors were kept or controlled by defendant either singly or conjointly with another, and others as tending to show that on an occasion when whiskey was being sold by another in his presence, the defendant was assisting him and was personally concerned in the disposition of liquor. From these circumstances it was open to the court to infer the defendant's culpability as charged.

The act providing for appeals to this court from the county court of Sumter county provides "that the laws now in force or that may hereafter be enacted governing or applying to appeals to [in] misdemeanors from the circuit court of the [county] shall apply to appeals from said county court." It is a rule applicable to appeals from the circuit court in cases tried without a jury where no special findings are made, that the court's judgment on the facts is to be treated as the verdict of a jury and is not reviewable on the appeal. The statutory provision referred to in effect applies that rule to cases like the present, and leaves us without jurisdiction to pass on the sufficiency of the evidence to support the judgment.—*Quillman v. Gurley*, 85 Ala. 594.

The judgment will be affirmed.