# Hyde v. The State.

## *Violating Prohibition Law.*

(Decided May 13, 1915. 68 South. 673.)

1. *Intoxicating Liquors; Evidence.*—Where the prosecution was for selling liquors, and not for keeping it for sale, and the evidence was positive, two witnesses testifying to it, the testimony of one of them that he saw liquors unloaded at defendant's place a few days before the sale, was immaterial, and uselessly multiplied the issues to the detriment of defendant.

2. *Same.*—Where the affidavit charged the selling of liquor only, and the witnesses had testified positively to a sale on a certain day, the evidence of a sale on another day was not admissible.

3. *Witnesses; Impeachment; Immaterial Matter.*—A witness may not be impeached as to an immaterial matter.

APPEAL from Bessemer City Court.

Heard before Hon. J. C. B. GWIN.

James Hyde was convicted of violating the prohibition law, and he appeals. Reversed and remanded.

PINKNEY SCOTT, for appellant.

W. L. MARTIN, Attorney General, and J. P. MUDD, Assistant Attorney General, for the State.

THOMAS, J.—The affidavit upon which defendant was tried contained a single count, which charged only a sale of prohibited liquors.

(1) The evidence for the state consisted of the testimony of two witnesses, Veitch and Sorrell, both detectives employed by the licensed liquor dealers, and who each testified that on Sunday, June 14, 1914, they went together and in company with one Bean to the defendant's home, where the witness Veitch, in the presence of said Sorrell and Bean, bought from defendant some beer and whisky, and that there were two persons at defendant's home at the time, one Patton and one Nunnally. The solicitor was then permitted, over the objection and exception of defendant, to ask one of these state's witnesses, said Sorrell: "Whether or not just prior to this time—Sunday, June 14, 1914—he had seen a large quantity of whisky being carried to the defendant's house."

The witness answered, over the objection and exception of defendant: "Yes; between May 21 and June 14, 1914, I saw it on the road all the way down to the house. It was being carried in a dray. I saw it unloaded in defendant's yard at the gate. I saw casks and barrels, and something in a sack. I could not swear it was whisky, but it came from a liquor house in Bessemer—Marks Liquor Company."

If the defendant had been charged with keeping for sale prohibited liquors, which offense can usually be established only by circumstantial evidence, or if the evidence

relied on for a conviction of a sale had been circumstantial, and not positive, then we conceive that the question to and answer of the witness would have been entirely competent.—*Allison v. State,* 1 Ala. App. 206, 55 South. 453; *Wash Rash v. State, infra,* 69 South. 230; *Coates v. State,* 5 Ala. App. 182, 59 South. 323. But where, as here, he is only charged with a sale, and the evidence relied on for establishing his guilt is not circumstantial, but positive (the two state's witneses mentioned testifying to it), the rule is different.—*Moore v. State,* 10 Ala. App. 179, 64 South. 520. If the testimony of these witnesses as to the sale be believed by the jury, then the defendant should have been found guilty, and, if not believed, then he should have been discharged, although he may have previously and only a short time before ordered and received a car load of liquor. It could add nothing, therefore, to the force of the testimony of these witnesses as to the main fact, the sale, for them or either of them to testify to a collateral fact which, even though it be true, does not prove the main fact, and which, even if it could prove or tend to prove the main fact, had no stronger foundation for a belief of its truth than the testimony of the same witnesses that testified to the main fact.

Under the complaint, which charged only a sale, if the jury believed the testimony of these witnesses as to the main fact, the sale, then the collateral fact was entirely immaterial; and, if the jury did not believe the testimony of these witnesses as to the main fact, then the collateral fact was likewise immaterial; and if the testimony of these witnesses was unworthy of belief as to the main fact, it was equally unworthy of belief as to the collateral fact. The only effect, therefore, of allowing these witnesses to testify as to the collateral

fact was to uselessly multiply the issues to the defendant's detriment.

(2, 3) The defendant, as well as said Patton and Nunnally, who the said state's witnesses (Veitch and Sorrell) testified were at defendant's house when, as testified to by them, said Veitch bought the liquor from defendant on Sunday June 14, 1914, all testified as witnesses for defendant that no such sale took place; and the said Bean, who said state's witnesses testified went in company with them to defendant's house and was present at and saw the sale by defendant to said Veitch, also testified as a witness for defendant that no such sale took place. Upon the cross-examination of this witness (Bean) the state was permitted, over the objection and exception of defendant, to ask him if, on the Sunday next preceding the Sunday in question—that is, the Sunday next before June 14, 1914—he (the said witness) had not himself bought some liquor from defendant. The witness answered, "No," and the state was later permitted, over the objection and exception of defendant, to show by the same two state's witnesses, Veitch and Sorrell, who testified to the sale for which defendant was being tried, the sale to Veitch on Sunday, June 14, 1914, that on the preceding Sunday said Bean also bought some whisky from defendant. The court erred in admitting this testimony, whether the purpose of it was to show a separate and distinct sale from that relied on for conviction (*Moore v. State,* 10 Ala. App. 182, 64 South. 520), or whether its purpose was to impeach the defendant's witness, said Bean, who denied buying whisky from defendant. It is not permissible to impeach a witness as to an immaterial matter (*Crawford v. State,* 112 Ala. 1, 21 South. 214), as this was (*Moore v. State,* 10 Ala. App. 182, 64 South. 520).

It is unnecessary to notice the errors urged as to the remarks of the solicitor to the jury. relative to the testimony of defendant's witness Marks, and the questions propounded by the solicitor to said witness that were objected to, as these points are not likely to arise on another trial, since our holding here removes the occasion for examining said Marks at all on the next trial, he having testified at the last trial only to facts which tended to rebut the testimony of the state's witnesses as to liquor and beer being received by defendant shortly before the sale here relied on, which fact we have held to be immaterial.

The other remarks of the solicitor that were objected to will likely not be repeated on another trial.

For the errors pointed out, the judgment of conviction is reversed.

Reversed and remanded.