# Rash *v.* The State.

## *Violating Prohibition Law.*

(Decided May 13, 1915.   Rehearing denied June 1, 1915.
69 South. 239.)

1. *Criminal Law; Other Offenses; Evidence.*—Notwithstanding the general prohibition against the introduction of evidence of other offenses, yet, where the agent of defendant sold intoxicants from defendant's store, evidence that defendant himself made other sales, is admissible as tending to show the guilty knowledge and consent of defendant.

2. *Intoxicating Liquors; Principal; Liability.*—Where prohibited liquors belonging to the master are sold illegally by the servant, with the master's knowledge and consent, he is as liable as if he had himself made the sale.

3. *Same; Presumption.*—Whisky in the possession of and sold by a merchant presumptively belongs to him.

4. *Same; Variance.*—Proof that defendant made a sale of spirituous liquors does not amount to a variance from an affidavit charging a sale of spirituous, vinous and malt liquors.

5. *Appeal and Error; Harmless Error; Pleading.*—Where a defendant was tried and convicted solely on the first count of the affidavit, any error in overruling demurrer to the second count was harmless.

6. *Indictment and Information; Offenses; Joinder.*—An affidavit may charge in separate counts an unlawful sale of intoxicants, as well as the keeping of a place where intoxicants are unlawfully sold.

APPEAL from Jefferson Criminal Court.

Heard before Hon. WILLIAM E. FORT.

Wash Rash was convicted of selling spirituous, vinous or malt liquors, and he appeals. Affirmed.

McQUEEN & ELLIS, for appellant.

W. L. MARTIN, Attorney General, and J. P. MUDD, Assistant Attorney General, for the State.

THOMAS, J.—(1) The defendant was tried by the court without the intervention of a jury and convicted

under that count of the affidavit which charged a selling of prohibited liquors. The evidence for the state tended to show that the sale in question was made by the defendant's clerk, who accepted the money for the whisky and delivered it to the purchaser at the defendant's store; and the state was allowed, over the objection of defendant, to prove, for the expressed purpose of showing inferentially the defendant's guilty connection with the sale so made by his clerk, that on other occasions the defendant in his own person had made such sales from his store. We think the evidence was competent.

While it is a general rule that it is not permissible to prove or admit circumstances going to show that the defendant committed another offense, or other offenses, of a similar character to that charged, yet this rule is subject to the exception that such evidence is admissible when it is necessary to show scienter, or intent, establish identity, complete the res gestæ, show motive, or make out a chain of circumstantial evidence of guilt with respect to the act charged.—*Moore v. State,* 10 Ala. App. 179, 64 South. 520, and cases there cited.

Was the clerk, in making the sale, acting for the defendant or for himself? The fact that defendant had himself been selling liquor previous to this at his store, where the clerk was making this sale, affords some basis for an inference, in connection with the other facts and circumstances, that the clerk was acting under the authority or with the knowledge and consent of defendant, and was therefore selling defendant's liquor under such condidtions as to make defendant criminally liable for the clerk's act.

(2) Where intoxicating liquors belonging to the master or principal are sold illegally by the servant or agent with the knowledge or consent of the master or princi-

pal, the latter is liable to the same extent as if he had made the sale in person.—17 Am. & Eng. Ency. Law (2d Ed.) 385; *Wright v. State,* 129 Ala. 123, 29 South. 864; *Nall v. State,* 34 Ala. 262; *Seibert v. State,* 40 Ala. 60.

(3) Presumptively, the whisky belonged to the defendant, as it was in his possession and in his store; and the fact that he himself had previously been selling it afforded basis for an inference that his clerk was authorized to also do so for him.

(4) There is likewise no merit in defendant's contention that the court erred in not discharging him because of a variance between allegation and proof; the affidavit upon which he was tried alleging a sale of "spirituous, vinous, and malt liquors," while the proof showed only a sale of spirituous liquors. This was not such a variance as would entitle the defendant to a discharge. —*Sanford v. State,* 8 Ala. App. 246, 247, 62 South. 317; *Bates v. State,* 152 Ala. 77, 44 South. 695; 1 Mayf. Dig. 855, § 3; *Cheshire's Case,* 10 Ala. App. 140, 64 South. 544.

(5) The said affidavit contained two counts. The first (and the one upon which the state elected to try the defendant, and under which he, as stated, was convicted) alleged, as said, a sale, and the second alleged the keeping of an unlawful drinking place by defendant. The court overruled a demurrer to this second count. If it erred in so doing it was clearly error without injury, as the defendant was neither tried nor convicted under the count.

(6) There is no merit in the demurrer to the complaint as a whole on the ground that it charged two separate and distinct offenses. Separate and distinct offenses may be joined in one complaint in separate counts when, as here, they are of the same general nature, and

belong to the same family of crimes, and where the mode of trial and nature of punishment is the same.—1 Mayf. Dig. 447, § 35.

We find no error in the record, and the judgment is affirmed.

Affirmed.