# Gibson v. The State.

### Violating Prohibition Law.

(Decided June 1, 1916.  Rehearing denied June 22, 1916.
72 South. 210.)

1. **Intoxicating Liquors; Other Offenses; Evidence.**—Where the State had introduced evidence of a specific act which in itself constituted a crime, and defendant's commission thereof, evidence to show a keeping for sale is not admissible, the indictment charging only the sale of such liquors.

2. **Criminal Law; Similar Offenses.**—Except when necessary to show intent, establish identity, complete the res gestae, show motive, or make out a chain of circumstantial evidence of guilt of the act charged, it is generally not permissible to prove circumstances going to show another offense by accused of a similar character.

3. **Appeal and Error; Harmless Error; Rule 45.**—In this case the erroneous admission of evidence of a prior keeping of liquor cannot be held harmless under rule 45, Supreme Court Practice, since the admission of such evidence was probably prejudicial to defendant's rights.

(Brown, J., dissents.)

APPEAL from Jefferson Criminal Court.

Heard before Hon. WM. E. FORT.

E. M. Gibson was convicted of violating the prohibition law, and he appeals. Reversed and remanded.

STALLINGS, NESMITH, HUNT & JUDGE, for appellant.  W. L. MARTIN, Attorney General, and HUGO L. BLACK, Solicitor, for the State.

PELHAM, P. J.— (1) The indictment contains but one count, and charges only a sale of spirituous, vinous, or malt liquors. After the witness for the state had testified at the instance of the state to having purchased a half pint of liquor from defendant within the time covered by the indictment, the state was allowed, over the objection and exception of defendant, to prove by this witness and other witnesses that on an entirely different occasion, and prior to the purchase, they had been in the rear room of defendant's store, and saw stored in there a large quantity of prohibited liquors. The defendant, as seen, was not charged with keeping such liquors for sale, but only with selling, of which there was direct and positive evidence. Under such circumstances, when the state has introduced evidence of a specific act which in itself constitutes the crime and the defendant's commission thereof, as pointed out in the following authorities, the evidence tending to show a keeping for sale was inadmissible.— *Moore v. State,* 10 Ala. App. 179, 64 South. 520; *Rash v. State,* 13 Ala. App. 262, 69 South. 239; *Hill v. City of Prattville,* 13 Ala. App. 463, 69 South. 227; *Hyde v. State,* 13 Ala. 189, 68 South. 673; *Spigener v. State,* 11 Ala. App. 296, 66 South. 896; *Moore v. State,* 12 Ala. App. 243, 67 South. 789.

(2) The rule announced in the foregoing paragraph is not new, and has heretofore been several times adopted and followed by this court in cases of this same character, as will be seen from an examination of the authorities cited in support of the holding.

"It is a general rule [as stated by this court in applying the rule to a similar case, *Moore v. State,* 10 Ala. App. 179, 182, 64 South. 520, 521] that it is not permissible to prove or admit circumstances going to show that the defendant committed another offense, or other offenses, of similar character to that charged, except when necessary to show scienter or intent, establish iden-

tity, complete the res gestæ, show motive, or make out a chain of circumstantial evidence of guilt in respect to the act charged. —*Mason & Franklin v. State,* 42 Ala. 543, and companion case, 42 Ala. 532; *Ingram v. State,* 39 Ala. 247, 84 Am. Dec. 782; *McDonald v. State,* 83 Ala. 46, 3 South. 305."

. If the defendant had been charged with keeping for sale, or if the evidence relied upon for a conviction of the sale charged had been circumstantial in its nature and not positive, direct testimony of a specific act in itself constituting the crime charged and the defendant's commission thereof, then the evidence would have been competent, but not under the circumstances shown here.

The record in this case shows that the state's witness who testified to the sale of the prohibited beverage to him by defendant testified that he went to the defendant's place of business with money given him for the purpose of buying whisky at the instance and direction of waiting deputy sheriffs, and bought the whisky for the purpose of making a case against the defendant for violating the prohibition laws, and that money had been advanced to him to pay his expenses while attending court as a witness against the defendant. This state's witness testified that this sale took place on the 21st day of November, 1914, and this witness was then allowed to testify, against duly reserved exceptions and objections interposed by defendant's counsel, that in the rear room of defendant's place of business on several occasions, but not definitely stated as later than July in the year before the sale in November, he had seen large quantities of bottles of whisky on the shelves, and several cases of whisky on the floor. The deputy sheriffs who procured the witness to make the purchase for the purpose of making a case against the defendant were then permitted, against the duly interposed objection of defendant's counsel, to testify that they had seen "three wagonloads" of whisky in the rear room of defendant's store about the 1st of July, 1914. Likewise, a party who testified he was with the state's witness who testified to purchasing the whisky on November 21st, 1914, was permitted, against the defendant's objection, to testify to having seen large quantities of whisky stored in the back room of the defendant's store some time prior to the occasion of the sale testified to.

(3) Conceding that there were no diverse tendencies of the evidence of the defendant's guilt, vel non, of the offense charged

[Gibson v. The State.]

against him, and that the jury would have accepted as true the evidence of the state's witness and found the defendant guilty, yet it is difficult to see how the conclusion can be arrived at that the admission of this illegal evidence, if error, was without injury, when the record further shows that the court charged the jury that it was within their province and discretion to pass upon the defendant's guilt or innocence under all the evidence, and to place a fine on the defendant of not less than $50 nor more than $500, as a fit and proper punishment under the evidence, and that the jury fixed the fine at $300, and that the court, in addition to this fine and a sentence of 233 days at hard labor for the county in lieu of the payment of costs, imposed by way of additional punishment a sentence to hard labor for the county for 6 months. Can it be said that improperly admitting in evidence all this illegal evidence against the defendant with reference to the large quantities of liquor being in the back room of his store some 4, 5, or 6 months before the sale for which defendant was being prosecuted, and the consideration of this evidence by court and jury as legal evidence against the defendant in fixing his punishment, had no effect upon their minds in fixing the amount of fine and additional punishment shown by this record to have been fixed and imposed, and that the admission of this evidence, if error, was without injury? The question seems to us to answer itself. It is the established rule that when irrelevant or improper testimony is admitted on a criminal trial, against the objection of the defendant, it will work a reversal unless it affirmatively appear that the effect was to the benefit of, or not injurious to, the defendant (*Cauley v. State,* 92 Ala. 73, 9 South. 456; *Maxwell v. State,* 89 Ala. 164, 7 South. 824) or, under the more recent rule of the Supreme Court (rule 45 [175 Ala., 61 South. ix]) after an examination of the entire record, it is the opinion of the court that the improper admission of evidence has not probably injuriously affected the substantial rights of the defendant. We cannot say, after an examination of the entire record, that the error in the admission of the improper evidence, as pointed out, was without injury to the substantial rights of the defendant. .

Reversed and remanded.

BROWN, J.— (dissenting).—The evidence on the part of the state, if believed by the jury, shows without dispute the sale by

the defendant to the witness Wingo of one-half pint of whisky. No evidence was offered by the defendant except the testimony of two witnesses as to the bad character of two of the state's witnesses, and the state offered a witness in rebuttal whose testimony was to the effect that the general character of each of the witnesses testifying in behalf of defendant was bad. The only question, therefore, for the jury was necessarily the credibility of the testimony, and if error was committed in admitting the testimony of the state's witnesses to the effect that before the alleged sale was made to Wingo a stock of liquor was kept by the defendant in his place of business of the same brand as the flask of whisky purchased by Wingo, which was before the jury as a part of the evidence in the case, it was without possible injury to the appellant. If the state's evidence was worthy of belief as to the sale, the defendant was guilty; if it was unworthy of belief as to the sale, it was likewise unworthy of belief as to the fact that the defendant had a stock if liquor in his place of business. Furthermore, the fact that the state offered two or more witnesses who testified positively to the criminal act is no reason for excluding circumstantial evidence tending to corroborate the positive testimony of these witnesses. Otherwise stated, any evidence, whether it be positive or circumstantial, tending to sustain the indictment, on elementary principles, is admissible.

No question of election was involved or could arise under the indictment and undisputed evidence in the case. The indictment, containing only one count, charges a sale contrary to law, and the evidence, if believed, only shows one sale contrary to law; but, as tending to sustain the charge and corroborate the positive testimony, the evidence showing that the defendant had on hand a stock of liquor was relevant to the issue that the defendant sold liquor to Wingo contrary to law, and the fact that it tended to show a keeping for sale in violation of law did not render the evidence inadmissible.—*Kirkwood v. State,* 3 Ala. App. 19, 57 South. 504; *Ray v. State,* 126 Ala. 9, 28 South. 634; 12 Cyc. 407. To illustrate: Suppose there was no positive evidence of a sale, but the evidence in this case showed that the witness Wingo was searched before he went into the defendant's place, and when so searched he had 50 cents in money; that he was seen to go in, and immediately after he came out he had a bottle of whisky and no money—would not evidence tending to show that the defendant had a stock of liquors in his place, of the same brand as

that found on Wingo's person when he came out, be relevant to the issue that the defendant sold Wingo the liquor.—*Rash v. State,* 13 Ala. App. 262, 69 South. 239. The evidence is admissible because it tends to show that the defendant made this specific sale, and to corroborate the other testimony, and the fact that the other testimony is positive instead of circumstantial does not render the circumstantial evidence inadmissible because it tends to show that the defendant is guilty of some other offense. As was said by WALKER, P. J.: "Evidence which is relevant to the charge under investigation is not rendered inadmissible because it may also tend to prove the defendant guilty of another * * * offense."—*Kirkwood v. State, supra.*

The case of *Hyde v. State,* 13 Ala. App. 189, 63 South. 673, is, in the opinion of the writer, unsound, and the ruling of the trial court was free from reversible error, and the judgment should be affirmed.