(92 South. 238)

## KIRKPATRICK v. STATE. (7 Div. 755.)

(Court of Appeals of Alabama. Feb. 7, 1922.)

1. Witnesses ⟷255(9)—Error to allow solicitor to read to state's witness his testimony before grand jury.

In a prosecution for violating the prohibition law, it was reversible error to permit solicitor to read to a state witness this witness' testimony as given before the grand jury.

2. Witnesses ⟷319—Error to allow impeachment of defendant on immaterial matter.

In a criminal prosecution it was error to permit the solicitor to impeach the defendant on an immaterial matter.

Appeal from Circuit Court, Etowah County; O. A. Steele, Judge.

Os Kirkpatrick was convicted of violating the prohibition laws, and he appeals. Reversed and remanded.

W. J. Boykin, of Gadsden, for appellant.

The court erred in permitting the memorandum of the evidence before the grand jury. 181 Ala. 460, 62 South. 12; 158 Ala. 539, 48 South. 553, 132 Am. St. Rep. 38; 156 Ala. 228, 47 South. 210; 102 Ala. 164, 14 South. 895; 40 Cyc. 2559–2569. The court erred in the impeachment of the defendant, not only because the predicate was not followed, but because it was immaterial matter. 144 Ala. 378, 39 South. 654; 106 Ala. 1, 17 South. 328; authorities supra. Counsel discuss other assignments of error, but without further citation of authority.

Harwell G. Davis, Atty. Gen., for the State.

The witness was unwilling, and no error was committed in procuring his testimony. 99 Ala. 173, 13 South. 753. A proper predicate was laid for impeaching the defendant. 194 Ala. 11, 69 South. 941, 2 A. L. R. 509.

BRICKEN, P. J. [1] Over the objection of defendant, the solicitor was permitted to read to state witness Langley, upon his direct examination, the memorandum of his testimony as given before the grand jury, resulting therefore in calling out from the witness what testimony he had given before the grand jury. This was not permissible. Billingslea v. State, 85 Ala. 323, 5 South. 137; Thompson v. State, 99 Ala. 173, 13 South. 753; 1 Mayfield, Digest, p. 880. In the Billingslea Case, supra, Stone, C. J., speaking for the court said:

"We think it clear that it was not permissible to call out from the witness Hutchings what testimony he had given before the grand jury. A party on trial for a public offense has the constitutional right 'to be confronted by the witnesses against him.' The right of cross-examination. is scarcely less sacred than this: and parties whose conduct is undergoing investigation before a grand jury have no right to be present, and are not permitted to be represented before that body. It is a grand inquest, but it is secret, and ex parte."

In Thompson v. State, supra, the Supreme Court said:

"While it may not be permissible for the solicitor, during the examination of a witness, 'to read from a memorandum of his testimony before the grand jury,' he may 'ask questions from the memorandum ·to refresh the memory of the witness as to his testimony before the grand jury.'"

In 1 Mayfield, Digest, supra, it is said:

"A solicitor should not be allowed to read from a memorandum of his own as to the testimony of a witness before the grand jury, but may ask questions from the memorandum to refresh the memory of the witness as to his testimony before the grand jury, but should not be allowed to read therefrom to the witness."

And in 1 Mayfield, Dig. p. 893, par. 350, it is said:

"A solicitor, or an attorney, while examining a witness should not be *allowed to read from his own notes* to the witness what purports to be the testimony of the witness on a former occasion, but the attorney or solicitor may use his own notes for the purpose of refreshing his own memory, so that he may ask the witness questions as to what he testified on a former occasion."

In the case at bar, after the solicitor had finished reading his memorandum of witness' testimony before the grand jury, the record states he asked the witness, "Didn't you say that to the grand jury?" and over the objection and exception of the defendant the witness was required to answer, "That is correct, with the exception I don't remember his stating that was his. With the exception of that it is correct.", This mode of examining the state's own witness was improper, and in the rulings of the court in this connection there was error necessitating a reversal of this case. Authorities supra.

[2] There was error also in permitting the solicitor to impeach the defendant upon an immaterial matter. Moreover, the predicate laid to impeach the defendant was not proven as laid, the rule in this connection therefore was not complied with. The predicate was:

"State if N. M. Wharton was not cutting hay for you in September, 1919, on your place that you rented, and didn't you say to him while he was cutting hay for you, talking about Bob Cameron and Bill Kirkpatrick making whisky,

didn't you say, 'Yes, old man Langley is to blame for every bit of this, and if he fools with me I am going to beat hell out of him.' "

And to witness Wharton in attempt to prove the above predicate this question was asked:

"While you were cutting hay for this defendant in the month of September, state to the court whether or not this man Kirkpatrick stated if old man Langley fooled with him he would beat hell out of him."

It also appears from the record that the scope of inquiry on direct examination of state witness Langley followed, to say the least, an unusual course, the main inquiry appearing to have been the hostility of defendant to this witness. We are of the opinion that the criticisms of the court's rulings in this connection are well taken, and that the timely objections of the defendant should have been sustained.

For the error pointed out, the judgment of conviction is reversed, and the cause remanded.

Reversed and remanded.