## DENHAM v. STATE. (8 Div. 833.)

(Court of Appeals of Alabama. April 18, 1922.)

**1. Criminal law ☞406(5)—Statement of defendant, referring to sale of liquor, admissible to corroborate testimony about sale.**

Evidence that defendant, the evening following an alleged sale of liquor, told a witness that certain other liquor was better than the liquor he sold the witness that afternoon, was admissible to corroborate the testimony concerning the sale of the liquor.

**2. Criminal law ☞814(7) — Where evidence fixed time of sale as Sunday afternoon, giving and refusal of instructions on theory of sale in evening held error.**

Where the state's evidence fixed the time of an alleged sale of liquor as the middle of Sunday afternoon, and there was no testimony that the sale was made Sunday night, instruc-

tion that, if sale occurred on Sunday night, defendant was guilty, and refusal of instruction that he could not be convicted for any sale made on Sunday night, were erroneous.

Appeal from Circuit Court, Marshall County; W. W. Haralson, Judge.

Wm. A. Denham was convicted of violating the prohibition law, and he appeals. Reversed and remanded.

See, also, ante, p. 145, 90 South. 129.

The oral charge of the court, excepted to, is as follows:

"Now, if that was on that Sunday night in December, 1919, before Christmas, if he sold this liquor, then this complaint is made out, and this defendant is guilty, if that is true beyond a reasonable doubt."

Charge 2, refused to the defendant, is as follows:

"The defendant cannot be convicted for any sale alleged to have been made on Sunday night, December 22, 1918."

Street & Bradford, of Guntersville, for appellant.

The court erred in its oral charge and in refusing to give charge 2 requested by defendant. 109 Ala. 45, 19 South. 491; 52 Ala. 384; 35 Ala. 351; 54 Ala. 221; 61 Ala. 22.

Harwell G. Davis, Atty. Gen., for the State.

When considered as a whole, the oral charge of the court fairly states the law. 102 Ala. 126, 15 South. 352, 48 Am. St. Rep. 17; 83 Ala. 70, 3 South. 743. Counsel discuss the other assignments of error, but without further citation of authority.

MERRITT, J. The defendant, on appeal from the county court, was convicted in the circuit court, under a complaint which charged him with selling liquor.

[1] The witnesses for the state fixed the time of sale as the middle of the afternoon of December 22, 1918, and there was no error in the ruling of the court in permitting the witness Amos to testify that on this Sunday night the defendant said, in talking with the witness Baird:

"This liquor is better than that I sold you this afternoon, except this is a little scorched."

This statement tended to corroborate the testimony of the state, and that of the state witness Baird, that he had bought whisky from the defendant on that Sunday afternoon.

[2] There was error in that part of the oral charge excepted to, and also in the refusal to give written charge 2. As stated before, the state fixed the time of the alleged sale as about the middle of Sunday afternoon, and there was no testimony to the effect that a sale was made on Sunday night,

and, if there had been, on proper objection under the facts in this case, it should have been excluded, as it would have been evidence of a separate and distinct offense. Gibson v. State, 14 Ala. App. 111, 72 South. 210; Moore v. State, 10 Ala. App. 179, 64 South. 520; Hammock v. State, 8 Ala. App. 367, 62 South. 322; Askew v. State, 6 Ala. App. 41, 60 South. 455.

For the error pointed out, the judgment appealed from is reversed.

Reversed and remanded.