ALLEN v. STATE.

4 Div. 460.

Court of Appeals of Alabama.

May 23, 1939.

Rehearing Denied June 13, 1939.

Reversed on Mandate Oct. 31, 1939.

Walters & Walters, of Troy, for appellant.

Thos. S. Lawson, Atty. Gen., and Prime F. Osborn, III, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

The evidence in this case discloses that this appellant, defendant below, and his wife, gave a mortgage to the Administrator of the Resettlement Administration, a Federal Agency, for money loaned. The mortgage covered certain personal property, and also all crops of every description, etc., raised by mortgagors during the year of 1936.

The State, by indictment, charged appellant with the violation of Section 5004 of the Code 1923, which makes it an offense for any person to sell or convey any personal property upon which he has given a written mortgage, lien or deed of trust, and which is then unsatisfied in whole or in part, without first obtaining the consent of the lawful holder thereof, etc.

Upon the trial, the defendant interposed his plea of not guilty. It, however was proven by the undisputed evidence that the appellant did sell a portion of his cotton crop of the year 1936, and that the proceeds of such sale was not paid by, or for him, upon the mortgage indebtedness. Likewise it was disclosed that a balance was still due and unpaid on the mortgage.

The trial resulted in the conviction of the defendant and the jury, by its verdict, assessed a fine against him of seventy-five dollars. Failing to pay said fine and costs of the proceedings, or to confess judgment therefor, the trial court, as the law requires, sentenced him to hard labor for the county for the specified period of time fixed by the Statutes. Judgment of conviction was duly pronounced and entered, from which this appeal was taken.

By briefs of respective counsel it is conceded but one point of decision is involved upon this appeal. In this connection it is insisted by appellant that error prevailed in the several rulings of the court in declining to allow the defendant to introduce testimony to the effect that the county supervisor had released said cotton

and had given permission to defendant to sell it.

As to the foregoing the trial court took the position, and ruled, that the proposed testimony was immaterial, irrelevant and inadmissible, and in charging the jury, among other things, the court said: "Then if the defendant executed it (the mortgage) and there was a loan made to him by the Government through its agency, and he received the advances from the Government and he executed a mortgage on the crop for 1936, then he could not dispose of that crop, or any part of it, without the consent of the Government, the holder, and he could not dispose of it, nor could the Government agent give it to him, or give the defendant permission to sell it. They would have no right to release the claim of the Government that it holds for its security."

 The quoted statements in the oral charge were correct in every respect. The learned trial judge had in mind the rule of law which requires that the State trial and appellate courts are to take judicial knowledge not only of the laws of the United States, but also of such rules and regulations made by Federal Officers, or heads of Federal Departments, as are of such public interest that it can be said without reasonable debate, the public must know of them. The trial court properly held that a county supervisor is not the lawful holder of the mortgage involved, hence was without authority to give consent that the mortgagor could sell or convey the property covered by the mortgage.

Appellant insists that the State, through its Solicitor, elicited from its principal witness that "he, the county supervisor, did not ever give defendant authority to sell a bale of cotton, or any lint cotton off of that place on which he had given a mortgage to the Resettlement Administration that he was looking after;" and therefore under the elementary rule of evidence the defendant should have been permitted to impeach this portion of witness' testimony by offering evidence to the contrary.

The above question was improperly injected into the trial of this case, and if the improper matter had been material the insistence of the defendant would have been well taken. The question of intent was not involved in this case, it not being an essential or material ingredient of the offense charged. The elementary rule of evidence that a witness cannot be impeached upon an immaterial matter, must apply here. Therefore there was no error of the court in its several rulings in this connection. Hyde v. State, 13 Ala.App. 189, 68 So. 673; Kirkpatrick v. State, 18 Ala. App. 389, 92 So. 238.

The motion of the defendant for a new trial was based upon several separate and distinct grounds. Ground 7 of the motion, was dehors the record, and no evidence offered in support thereof. However, the separation of the jury, if allowed, was within the discretion of the court. The motion for a new trial was overruled without error.

The record is regular in all respects, and no reversible error appearing in any of the court's rulings, the judgment of conviction from which this appeal was taken must be, and is, affirmed.

Affirmed.

PER CURIAM.

Reversed and remanded on authority of Allen v. State, 238 Ala. 437, 191 So. 809.